WALKER *et al.*, Plaintiffs in Error, v. LIKENS *et al.*, Defendants in Error.

1. The fact that the damages caused by laying out a road under the act of March 3, 1851, (Sess. Acts, 1851, p. 274,) may not have been assessed by the commissioners appointed under said act to locate said road, will not entitle the owner of the land through which said road passes to treat as trespassers those who, under the order of the county court and for the purpose of completing said road, enter and cut timber upon the line of the road as located.

2. *Quere*, whether an appeal will lie from the proceedings of the county court under the said act.

### Error to Henry Circuit Court.

This was an action to recover damages for an entry upon and the cutting of timber upon the land of plaintiffs. Defendants justify the entry and cutting of timber—Likens, one of defendants, alleging that he made the entry as a road overseer

under the order of the county court of Henry county,—Freeman, the other defendant, setting forth in his answer that he was one of the hands allotted to open the road, and that in cutting the timber he acted under the direction of the overseer.

The court instructed the jury as follows : " 1. The court instructs the jury that if they believe from the evidence that the road in controversy ran over the land of plaintiffs in the petition mentioned, and that plaintiffs did not consent thereto, and that no assessment of damages was made by the commissioners to plaintiffs for the said road running over their land, said road is null and void as to plaintiffs ; and if the jury further believe that defendant Likens was a party and signed said original petition, and aided and assisted in procuring the location of said road over plaintiffs' land, and knew that the damage had not been assessed, he can not justify under the order appointing him overseer, and the jury must find for the plaintiffs as to defendant Likens ; and if the jury further believe that defendant Freeman aided and assisted in the procuring the said road to be located on plaintiffs' land otherwise than as a justice of the county court, the appointment of Likens as overseer, and his working as a hand on said road under said overseer, is no protection to him ; if he knew that such damages had not been assessed, they must find for plaintiffs against Freeman.  2. If they further believe from the evidence that said road, as petitioned for, was to start at the north-west corner of Tutt's farm and thence to run by W. Davis, thence by Gilliam's farm, thence to Carpenter's, and they further find that said road as located did not touch Gilliam's farm, one of the intermediate points designated in said petition, and that defendants knew it, but said road missed the same one quarter or one half a mile ; that not running by said intermediate point renders the whole of said road null and void, and they must find for plaintiff. If the jury shall believe from the evidence that defendant Likens, although acting as overseer, did himself, or others by his direction, cut the timber mentioned in said plaintiffs' petition off the line of the road as marked out by the commissioners,

they must find a verdict against defendant Likens. 3. If the jury shall believe from the evidence that defendant Freeman, acting under the direction of Likens as overseer, did himself, or that others by his assent or direction, cut the timber of plaintiffs, and that Freeman knew that he was cutting out the road off the line established by the commissioners, they must find a verdict against the defendant Freeman. 4. The court instructs the jury that the road should be cut on the line established by the commissioners, and that the blazed trees are to be the centre of the road, and that the road should be cut out not over thirty feet wide; and that if the road was not so cut out through plaintiffs' timber, it is not on the line established by the commissioners."

The following instructions asked in behalf of defendants were also given to the jury : " 5. If the jury should believe from the evidence that the defendants did not know that the commissioners had not run the road to the points mentioned in the petition therefor, and did not know that plaintiffs' damages had not been assessed by the commissioners, they must find a verdict for defendants, unless they shall believe that they cut or had cut timber on plaintiffs' land outside of the line of said road as established by the commissioners. 6. If the jury shall believe from the evidence that the commissioners located said road from the starting point, and to the other points specified in the petition therefor, and took into consideration and did assess plaintiffs' damages occasioned by the laying out said road through their land, and that Likens was appointed road overseer of road district No. 2 on said road, and he as such overseer, and Freeman as a hand under him, cut the timber on plaintiffs' land, and did not cut any outside the line of said road, as located by the commissioners, they must find a verdict for the defendants. 7. If the jury believe from the evidence that the defendant Levi Likens was appointed by the county court of Henry county, overseer of road district No. 2, on the road leading from A. M. Tutt's farm, in the direction of Wilson D. Carpenter, and that said Likens had notice of said appointment, and in pursu-

ance of said order and notice did cut the timber mentioned in the petition, and cut no more than was necessary to open said road thirty feet wide, and cut no timber outside of the line on which said road was laid out by the commissioners, they will find a verdict in favor of said defendant Levi Likens, unless they shall believe from the evidence that the defendant Likens knew that the commissioners had not run the road to the points mentioned in the petition therefor, and did not know that plaintiffs' damages had not been assessed by the commissioners. 8. If the jury further believe that said defendant Freeman was a hand allotted by the county court of Henry county to assist in opening said road, and did assist as a hand said Likens, overseer as aforesaid, in cutting the timber mentioned in the petition, they will find in favor of defendant Freeman, unless they shall find that said Freeman himself, or others by his direction, cut timber outside of the road on the line on which the said road was laid out by the commissioners ; and unless they shall believe from the evidence that the defendant Freeman knew that the commissioners had not run the road to the points mentioned in the petition therefor, and did not know that plaintiffs' damages had not been assessed by the commissioners."

The jury found a verdict for defendants.

*Napton*, for plaintiffs in error.

I. The principal question is, whether a *knowledge* on the part of defendants of the facts assumed, that the road did not, as laid off, touch the intermediate points specified in the petition for its establishment, and that no damage had been assessed to the plaintiffs by the commissioners, was necessary to make the defendants liable for the trespass. For the plaintiffs it is submitted that this was immaterial, and therefore the first and second instructions asked by them should have been given.

II. The second instruction given for defendants leaves to the jury the *construction* of the commissioners' report on the subject of damages. This was a matter for the court to determine, and the instruction was therefore erroneous.

III. No notice was given to the plaintiffs, and no jury sum-

moned to assess the damages, and the road was therefore a nullity as to them ; and whether the defendants knew this or not, does not affect their responsibility.

IV. Under our statute, the commissioners are bound to allow a citizen, over whose land a road is run against his consent, the value of his land taken, and they can only consider the benefits he may derive from the road in determining the money estimate of the inconveniences to which it subjects him. Any other construction of the statute is at war with the state constitution.

V. It is however immaterial how the court may determine this last point, since the plain and obvious interpretation of the commissioners' report is, that they did not investigate the subject of damages at all, and since no notice or summons was issued to the plaintiffs under the 13th section of the act of 1845, tit. Roads, &c., p. 963.

*F. P. Wright*, for defendants in errror.

Scott, Judge, delivered the opinion of the court.

We shall take it for granted that the act of March 3, 1851, (Sess. Acts, p. 274,) entitled, " An act to provide for, and laying out roads and highways in the several counties of this state," furnishes the rule by which we are to be governed in this case, so far as the statutory regulations respecting roads are concerned. If there is any other statute on the subject we have not been enabled to find it, nor have we been referred to any other. This premise is made on account of the great number of different laws for different counties then existing, which made it a matter of no little difficulty to ascertain what was the road law of many counties in the state.

We concur in opinion with the counsel of the plaintiffs, that it is immaterial whether or not the defendants had notice that the road as laid off touched the intermediate points specified in the petition for its establishment, and that no damages had been assessed to the plaintiffs by the commissioners. But from

this concession we do not come to the conclusion that the proceedings for opening the road were nullities, and that the defendants were trespassers. Hard would be the condition of road overseers and the hands compelled to work roads, if, at their peril, they were bound in all instances to see that the orders under which they are acting were regular and in conformity to the constitution and laws. It is obvious that the rigid enforcement of such a doctrine would stop the opening and repairing of roads, and would operate as a repeal of the statute on that subject. The county court had jurisdiction of the subject matter, and it sufficiently appears that the plaintiffs had notice of its proceedings. Under these circumstances, if there was error or irregularity in the course pursued, the duty required of the plaintiffs was, that they should resort to the remedies afforded by the constitution and laws for relief. They being in court, and having notice such as the law required, ought to have adopted means to obtain redress for the wrong of which they complain. The statute, to which reference has been made as governing this subject, does not in express terms give the party wronged an appeal; but we are not therefore prepared to say that an appeal would not lie. In the case of the County of Cooper v. Geyer, 19 Mo. 257, somewhat similar to this, an appeal was sustained. But if no appeal was given, we will not say that the party would be without redress. Resort might be had to other means, unless it was intended that there should be no review of the matter.

Where there is jurisdiction over the subject, and notice to the party affected, we do not consider that the circumstance, that the matter of which complaint is made involves an infraction of the constitution, gives the party a remedy different from that to which he would have been entitled had the error or irregularity consisted in any other thing. If, in the progress of a cause, a constitutional question arises, or if the construction of the constitution is involved in it, the party against whom judgment is rendered can not controvert its correctness in an action of trespass against those who may be employed to carry it into

execution. He must obtain redress in the same way as if the error had been committed in reference to any other subject. This view of the case disposes of all the instructions about which there was any controversy.

It is an error to suppose that the plaintiffs were entitled to any notice under the 13th section of the act of 1845, concerning roads. By reference to the session acts of 1847, p. 127, it will be seen that the section referred to was repealed by an act approved 11th February, 1847.

We have already said that the act of the 3d of March, 1851, controlled this proceeding, and it sufficiently appears from the record that the plaintiffs had all the notice contemplated by that act. We do not intend to be concluded by any thing previously said in relation to the right of the plaintiffs to an appeal from the proceedings of the county court. Whether the act of 1851 designed them to be final or not, we will not now determine. Whatever the meaning of the law may be, we do not consider that the plaintiffs were entitled to the redress they sought in this action. The other judges concurring, the judgment will be affirmed.