Wyatt v. Thomas.

WYATT, Appellant, v. THOMAS, Respondent.

1. It is not obligatory upon commissioners appointed by a county court to lay out a county road to call to their aid the county surveyor or other competent surveyor; it is sufficient if the commissioners by their report designate the location of the road with sufficient certainty.

*Appeal from Montgomery Circuit Court.*

This was an action to recover damages for a trespass in throwing down plaintiff's fences and exposing his fields so that his crop was destroyed and his stock went astray. The defendant justified on the ground that he was a road overseer and that the fences thrown down were in the public highway. The commissioners who made the location of the road did not call to their aid a survey, and no survey was made.

*Wells,* for appellant.

I. The report of the commissioners or the survey must give a definite and ascertainable location to the road. The report and survey constitute a record. If they lack certainty, then they are void. The report is utterly indefinite and uncertain. The oral testimony introduced conflicts with the report. The court erred in refusing to give the first two instructions prayed for by the plaintiff.

*Lovelace & Terrill,* for respondent.

I. The report designates with sufficient certainty the location of the road. (See 18 Mo. 357; 24 Mo. 298.) The court properly refused the instructions asked. The only question was whether the road was opened on the line designated by the commissioners.

NAPTON, Judge, delivered the opinion of the court.

In the case of Walker v. Likens, 24 Mo. 298, an owner of land was not allowed to maintain trespass against an overseer of a road, who was acting under the orders of the county

court in proceeding to open a road over the land of the party complaining, although it did not appear, from the report of the commissioners who laid out the road, that the complaining owner had consented to the road going over his land, or that the proper steps had been taken to condemn the land to public uses, as in cases of the owner's refusal. Here was a case where a constitutional safeguard had been set at naught; but the remedy was not considered to lie in an action against the officers, who were but acting in conformity to the orders of a court having jurisdiction over the subject.

The present suit is against the overseer of a road district for opening a road across plaintiff's land under orders of the county court, and the liability of the defendant is attempted to be placed upon the vague and indefinite character of the report of the commissioners who located the road, which is supposed to invalidate it and make the order based on it no protection to the officer. But conceding its deficiencies, it is not perceived how they could have any greater efficacy in vitiating the proceedings of the officers, who undertook to execute the orders of the court, than the omissions which occurred in the report and action of the commissioners in the case to which we have alluded.

The statute does not require the road to be surveyed. It is left to the discretion of the commissioners whether they will employ a surveyor and the necessary assistants. In a great number of cases, we know such is not the practice ; and in all these cases, when there is no actual survey, the description of localities, courses and distances must necessarily be somewhat vague, and the designated route is chiefly ascertained from the stakes set or the trees blazed.

Whether the line of the road, as reported in this case, actually passed over the plaintiff's enclosure and required the removal of his fence, was a question for the jury.

Judge Ewing concurring, judgment affirmed. Judge Scott absent.