## John B. Howard, Respondent, *v.* W. W. Clark *et al.*, Appellants.

1. *Practice, Civil — Pleading — Informalities to be objected to, when.*—Informalities in pleading should be objected to when they can be rectified by amendment. Where the record shows no objection taken to duplicity in pleading, it is too late to make it after the case passes into the appellate court.

2. *Justices of the Peace in Buchanan county — Jurisdiction.*—The special act of March 23, 1863, gives justices in Buchanan county concurrent jurisdiction with the Circuit Court, upon notes and bonds, under $250, for the payment of money. This act has never been expressly repealed. Nor is it repealed by or repugnant to the provisions of the General Statutes, but is recognized as in force by section 6, chapter 224, of said statutes.

3. *Practice — Service, time of — Judgment, when void.*—A judgment by default, rendered upon service within the time the law prescribes, is void.

4. *Execution, when it will protect the officer making the levy.*—If the court has no jurisdiction over the subject matter, the officer making the levy is supposed to know it, and an execution issued upon a judgment in such case is no protection to him. It is his duty to refuse to serve it. But if the court has jurisdiction of the subject matter, and has only failed to obtain jurisdiction of the person, an execution will protect the officer, provided this failure does not appear upon the process in his hands. He is not presumed to know of the regularity or legality of the judgment. If the court has power to render such a judgment, and nothing appears against its validity, it would be a great hardship to hold him responsible for the errors of the court.

5. *Property attached under different attachments — Priority, how settled — Duty of officer making levy.*—The law (Gen. Stat. 1865, ch. 141, § 50) provides a mode of settling all questions of priority between different attaching creditors; and where the officer neglects these provisions and decides the questions himself, he does so at his own peril. And where he decides in favor of a void judgment, and pays over the money in his hands to satisfy it, and refuses to pay over to the holder of a valid judgment or attachment sufficient to satisfy such judgment or attachment, he commits a wrong for which he and his securities are responsible.

Howard v. Clark et al.

*Appeal from Fifth District Court.*

The facts sufficiently appear in the opinion of the court.

*H. M. & A. H. Vories*, for appellants.

I. The justice had jurisdiction of the subject matter of the suit of Ullman v. Byers. Jurisdiction is expressly given by an act of the Legislature passed at the session of 1863. (Sess. Acts 1863, p. 173.) It has been repeatedly decided by this court that the General Statutes did not repeal these special and local acts, but that they still remain in full force.

II. The writ of attachment and summons was good. The time was sufficient; and if it was not—the court having jurisdiction of the subject matter of the suit—this would only be an irregularity which could not be reached in this collateral way. The writ being regular, it was the duty of the constable to execute it according to its commands. The attachment would hold the property, and all that was necessary was to get an *alias* summons or give a continuance.

III. The suit was brought against the constable and his sureties for a false return made on an execution. The money sought to be recovered was money made on an execution and not paid over. The return on the execution was exactly true. The constable applied a portion of the money made by the attachments and order of sale, and the sale of the property in satisfaction of the Ullman attachment and judgment, and then applied the balance on the plaintiff's execution. This was all of the money made on the execution in favor of the plaintiff, and every cent of it was returned by the constable and applied on the execution, and the facts truly stated in his return.

IV. The evidence shows that the money was properly distributed by the constable. Ullman's lien on the money was at least equal to the lien of the plaintiff; and where the liens are equal, the most diligent in discovering property and having the same seized gains a priority over his less vigilant adversary. (Bruce v. Vogel, 38 Mo. 100, and cases cited.)

*Ensworth*, for respondent.

I. The justice of the peace who tried the attachment suit of Benjamin Ullman against Noah Byers and his wife had no jurisdiction to try said cause, because: 1. The amount exceeded the jurisdiction of a justice of the peace. 2. Because the process in attachment and summons was made returnable in less than fifteen days, and the proceedings and judgment thereon are void. (Gen. Stat. 1865, p. 701, § 19; 10 Mo. 771; 26 Mo. 601.) 3. Because it was the junior attachment which was levied upon the property, and therefore the jurisdiction after the levy belonged to the justice who issued the first attachment. (Gen. Stat. 1865, ch. 141, § 50.) ·

II. The District Court committed error in adjudging that the fund attached should be divided *pro rata* between the parties to the attachment, when J. B. Howard's attachment should have been first satisfied; but if the court should adjudge differently, the fund should have been divided so as to give to each an *aliquot* part of the fund. (Drake on Attach. § 260 *et seq.*)

III. The execution of the writs (if Ullman's could be called a writ) was simultaneous. They were both in the hands of the constable at the time the property was seized, and therefore one levy only. (14 Pick. 414; 17 Pick. 289; 19 Pick. 544.)

IV. The constable could not decide such question, although he, at his peril, arrogated to himself that right. Courts of justices of the peace are of limited jurisdiction, and have none except what is given by the statute. The statute expressly provides that the one who has jurisdiction of the senior attachment is to try all junior ones. (Gen. Stat. 1865, §§ 50, 1, 9, 71, 73, 84, ch. 141.) The statute must be strictly pursued. (3 Abb. N. Y. Dig. p. 562, Nos. 3, 4, 6, 23, 24, 29; 5 Abb. N. Y. Dig. p. 88, Nos. 131–2; *id.* p. 94, Nos. 215–7.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit before a magistrate against defendant Clark, as constable, and his securities upon his official bond, for false return, and for failure to pay over money collected. Two

writs of attachment, with summons, were issued by different justices in St. Joseph against one Byers—one in favor of the plaintiff, February 10, 1866, returnable September 21 following; and one in favor of B. Ullman, dated September 3, 1866, returnable September 17, inst. The constable, on said September 3, attached fifteen head of cattle on both writs, and testified that they were discovered and pointed out to him by Ullman, and were attached first on Ullman's writ, and at once on the plaintiff's; though the returns show that in each case he levied upon the whole property upon the same day, without stating which was levied first. Personal service was had upon Byers in each case, and judgments of default rendered upon their several return days. Ullman's judgment was for $217, and the plaintiff's for $140. The property had been sold as perishable, under an order made in plaintiff's cause, for the sum of $362. The execution was issued upon the plaintiff's judgment the day it was rendered, September 21, and upon the judgment of Ullman, the 26th. The constable returns the Ullman execution satisfied in full, while upon plaintiff's execution he makes only $46, reciting in his return that this amount remains in his hands after paying another execution against Byers and wife prior in time to this, and paying certain costs. He testifies that the execution referred to was Mr. Ullman's.

Judgment was rendered for defendants in the Circuit Court, which was reversed in the District Court. Many points are made by counsel, some of which we will consider. The plaintiff's petition is attacked, and no judgment, it is claimed, can be rendered upon it, and if it will sustain a judgment it can only be one for a false return; when the evidence shows that if the constable be in fault at all it is for not paying over money. The petition is double. It improperly combines in one count matters that can be properly joined, but should be in different statements, to-wit: a complaint for false return, and for not paying over money collected. But the record shows no objection taken to this duplicity below, and it is too late to make it now. Informalities in pleading should be objected to when they can be rectified by amendment.

The plaintiff claims that the justice of the peace had no jurisdiction to render a judgment for $217 in favor of Ullman, there-

fore the execution was void upon its face, and could be no justification to the officer. The special act of March 23, 1863, gives justices in Buchanan county concurrent jurisdiction with the Circuit Court upon notes and bonds, under $250, for the payment of money. This act has never been expressly repealed, nor is it "repealed by or repugnant to the provisions of the General Statutes," but is recognized as in force by section 6, chapter 224, of such statutes. The plaintiff also claims that the judgment in favor of Ullman is void for the reason that the summons was not served fifteen days before the day of the appearance named therein. (Gen. Stat. 1865, § 19, ch. 178.) The summons was issued and served September 3, and judgment by default entered the 17th of the same month. This judgment is clearly void, and can be questioned collaterally. No question is better settled than that a judgment by default, rendered upon service, within the time the law prescribes, is invalid. The requirements of the statute in this regard are imperative. This is so fully discussed and clearly settled in Saunders v. Rains, 10 Mo. 770, and in Williams v. Bowen, 26 Mo. 601, in our own State, to say nothing of decisions elsewhere, that the question is not open for discussion. But it does not hence follow that the officer is not protected by his writ. If the court has no jurisdiction over the subject matter, the officer is supposed to know it; and an execution issued upon such judgment is no protection to him. It is his duty to refuse to serve it. But if the court has jurisdiction over the subject matter, and has only failed to obtain jurisdiction of the person, an execution will protect the officer, provided this failure does not appear upon the process in his hands. He is not presumed to know, of the regularity or legality of the judgment. If the court has power to render such a judgment, and nothing appears against its validity, it would be a great hardship to hold him responsible for the errors of the court. This is the uniform doctrine, and is elaborated by Judge Marcy in Savacool v. Boughton, 5 Wend. 170. See State ex rel., etc., v. Shacklett, 37 Mo. 280, where the tax collector was held responsible on his official bond for coercing the payment of taxes upon property exempt from taxation, on the ground that the face of his papers, his tax-book, showed that

the property belonged to a class that was exempt from taxation. In the case before us it may be said that the constable served the writ of attachment and summons, and knew that the time given Byers to make his appearance was insufficient. But Byers might have actually appeared and answered to the case, and thus waived the defect. The execution does not show whether judgment was rendered on default or on trial. Hence it is no notice.

But the constable proceeded further. He was not content·with the performance of his ministerial duties. He assumed the office of a court, and undertook to decide between the conflicting claimants to the property. He might do it—but only at his peril. He has no judicial powers, and is not entitled to the protection necessarily given to courts in making wrong decisions. If he decides rightly, it is well. He cannot be made responsible, because the right party has received the money, and not because he had any power to say who should receive it. If he decides wrongly, he is responsible, because he has refused to pay over the money to the party entitled to it. If we were to recognize his right to pass upon this question by protecting him in his decision, parties would be without remedy, for there is no appeal. Fortunately for suitors, the law has pointed out another way. Section 50, chapter 141, of the General Statutes, provides a mode for settling all questions of priority between different attaching creditors. The constable should have compelled the parties to avail themselves of the provisions of this statute and procure a legal settlement of the question, and not undertake what is outside of his duties. It is enough for him to obey the mandates of the court; and, when different mandates conflict, resort should be had to the courts, especially when there is an express provision of the statute upon the subject. The constable, Clark, in deciding this question,·did so at his peril, and, in deciding in favor of a void judgment, and in paying over the money in his hands to satisfy·it, and in refusing to pay over to the plaintiff sufficient to satisfy his judgment, committed a wrong for which he and his securities are responsible.

This view of the defendants' liability renders it unnecessary to consider the other points raised upon the record. All the facts

23—XLIII.

are before us, and judgment will be rendered in this court for the amount due the plaintiff upon his execution and costs, which should have been the judgment of the Circuit Court. The other judges concur.