MELCHER v. SCRUGGS et al., Appellants.

1. **Search Warrant, a Protection to Officer Executing it, when.** If a search warrant issued by a justice of the peace be regular upon its face, it will protect an officer executing it, though the affidavit upon which it is founded be not in compliance with the statute.

2. **Affidavit for Appeal Sworn to by Agent.** An affidavit for appeal made by one not a party to the suit, need not show upon its

face that the affiant is the appellant's agent. If this fact appears by a deposition read in the case it will be sufficient.

3. **Measure of Damages for Executing Unlawful Search Warrant.** The damages for taking property under an unlawful search warrant, but without violence, are not to be limited by the value of the property.

4. **Practice:** DEFAULT. If one of several defendants makes no answer, either the suit should be dismissed as to him, or a judgment should be entered by default.

*Appeal from Cole Circuit Court.* — HON. G. W. MILLER, Judge.

REVERSED.

*Mack J. Leaming, Seneca N. Taylor* and *B. F. Rex* for appellants.

1. The warrant was a complete protection to the constable. Broom's Legal Maxims, 95, 100; *Buck v. Colbath,* 3 Wall. 334; *Freeman v. Howe,* 24 How. 450; *Patten v. Weightman,* 51 Mo. 432; *Milburn v. Gilman,* 11 Mo. 65; *Mayor, etc., v. Opel,* 49 Mo. 190; *Miller v. Brown,* 3 Mo. 127; *Hickman v. Griffin,* 6 Mo. 37; *Burton v. Sweaney,* 4 Mo. 1; 2 Waterman on Trespass, p. 217, § 808; Ib., p. 214; *Savacool v. Boughton,* 5 Wend. 170; *Humes v. Taber,* 1 R. I. 464; *Owens v. Starr,* 2 Litt. (Ky.) 231.

2. The damages were excessive. The value of the machine was only $50, according to the petition. There was no evidence that any damage was done to plaintiff's property, but the testimony was that everything was done in a quiet and orderly manner; that Scruggs told plaintiff what he had come for, and the plaintiff gave him permission to go into his house and get the machine, and told his wife to give it to him; and that Scruggs took the machine and left.

*J. R. Edwards* for respondent.

1. The affidavit for appeal did not comply with the statute. It was not made by the appellant or his agent. R. S., § 3712; *Clelland v. Shaw,* 51 Mo. 440.

2. The warrant was no protection to the officer, be-

cause it was not founded on a proper affidavit, (R. S., §§ 2000, 2001,) and because it did not authorize him to search plaintiff's house. *Turner v. Franklin*, 29 Mo. 285.

HENRY, J.—This suit was instituted by Melcher in the Cole circuit court against the Singer Manfg. Co., Jno. W. Scruggs and Charles Eaton, to recover damages for entering his house in Jefferson City, and taking and carrying away a sewing machine alleged to be of the value of fifty dollars, and for breaking doors, making a noise and otherwise disturbing the peace of his family. The defendant Scruggs' defense was that he was constable of Jefferson township, and without breaking doors, or otherwise disturbing the family, peaceably entered the house to execute a search warrant issued by J. B. McHenry, a justice of the peace for said township, commanding search to be made in the plaintiff's house in said township for, and if found, seizure of, the sewing machine in question, particularly described in said warrant. The answer of the Singer Manf. Co. contained a general denial and the following special facts : That it was the owner of the machine in question, that it was feloniously embezzled by one Gilmore, and that plaintiff received and concealed it in his house, and that on request of the company, one Vaughn made an affidavit before McHenry, a justice of the peace, stating said facts, on which the justice issued a search warrant, and that neither said company nor any of its agents assisted in the execution of said warrant. Replications to these several answers were filed by plaintiff, denying the special facts alleged therein, and on a trial of the issues, there was a verdict for plaintiff, and in accordance therewith a judgment in his favor for $150, from which defendants Scruggs and the company have appealed.

Eaton filed no answer; but there was no judgment by default, or final judgment taken against him, nor was the suit dismissed as to him.

The instructions given by the court were unobjection-

able, but one asked by defendant, and refused, should have been given. It was as follows : "The jury are instructed, that if they believe from the evidence, that defendant Scruggs was acting as constable at the time of taking the machine in controversy, and had a writ, or search warrant, issued by a justice ·of the peace in said Cole county, Missouri, then such warrant was a protection and justification to said Scruggs for his acts done thereunder, notwithstanding the writ may have been irregularly issued." There was no evidence that Scruggs had been guilty of abusing the process, or that he did more than peaceably enter the house and demand the machine, which was delivered to him by the plaintiff. The only question therefore is whether the warrant was a justification for what he did. The affidavit made by Vaughn was insufficient to authorize the issuance of a warrant. It did not allege that the machine was stolen or embezzled, but that on or about the first day of July, 1875, one G. W. Gilmore, or some other person unknown, conveyed the machine to Melcher, and that it was supposed to be in Melcher's possession, in Jefferson township, Cole county, and that the affiant had reasonable grounds to suspect, and did suspect, that the same was concealed with Nicholas Melcher in said township and county. Upon this the warrant issued by the justice of the peace was as follows :

STATE OF MISSOURI, } ss.    Search Warrant.
  COUNTY OF COLE.

*The State of Missouri to the Constable of Jefferson township, in the county aforesaid, greeting :*

 Information having this day been given to James B. McHenry, as justice of the peace, within and for Jefferson township, in the county of Cole, by W. R. Vaughn, special agent of the Singer Manufacturing Company, of 404 North Fifth street, St. Louis, Missouri, that the following Singer sewing machine, No. 1,092,558, the property of said com-

*(margin note: 1. SEARCH WARRANT, A PROTECTION TO OFFICER EXECUTING IT, WHEN.)*

pany, that is to say, was on or about the first day of July, 1875, by G. W. Gilmore, or some person unknown to them, conveyed and concealed in the house of Nicholas Melcher, in the county aforesaid, and in the city of Jefferson. And the said W. R. Vaughn, special agent the Singer Manufacturing Company, of No. 404 North Fifth street, St. Louis, has reasonable grounds to suspect, and does suspect, that the said Singer sewing machine 1,092,558 is concealed on the said premises of Nicholas Melcher, at Jefferson City, in the township and county aforesaid. These are, therefore, to command in the day time, and into the place of concealment in the township and county aforesaid, and there diligently search for the said sewing machine 1,092,558, and if the same be found, or any part thereof, to bring such as may be found before said justice, in the township and county aforesaid, without delay, to be disposed of there according to law, and have you then and there this writ.

Witness, my signature, this 21st day of March, 1876.

JAMES B. McHENRY,
*Justice of the Peace.*

Section 1, Wagner's Statutes, 1116, is as follows: "Upon complaint being made, on oath, to any officer authorized to issue process for the apprehension of offenders, that any personal property has been stolen, or embezzled, and that the complainant suspects that such property is concealed in any particular place or house, if such magistrate be satisfied that there is reasonable ground for such suspicion, he shall issue a warrant to search for such property." Section 2 provides that the warrant shall be directed to the sheriff of the county, or any constable of the township, and command him to search the place where such property is suspected to be concealed, in the day time, designating the place and particularly describing the property.

The doctrine announced in *Savacool v. Boughton,* 5 Wend. 173, that "if a mere ministerial officer executes any

process, upon the face of which it appears that the court which issued it had not jurisdiction of the subject matter, or of the person against whom it is directed, such process will afford him no protection for acts done under it," has been so often approved by this court, that it may be regarded as well established here. In the case of *Milburn v. Gilman*, 11 Mo. 68, in a separate concurring opinion, Napton, J., held that an order of sale of a steamboat, which had been bonded, and, therefore, discharged from the jurisdiction of the court, the facts appearing upon the face of the order, would not protect the sheriff, and observed that: "The sheriff is bound to know the law; he is, therefore, to take notice that he has a valid writ." The majority of the court decided that the sheriff could justify under the order on the ground that: "It emanated from a court of general jurisdiction, having cognizance both of the matter and the person," and although erroneous, he was bound to execute it, and being thus bound, he could not be liable in trespass. It is well settled law, that when the court or justice of the peace has jurisdiction of the subject matter, the officer to whom the process of the court is directed, is not bound to examine into the validity of such process. *Miller v. Brown*, 3 Mo. 131; *Higdon v. Conway*, 12 Mo. 295. "It is sufficient that the execution is regular on its face and emanates from a court having jurisdiction of the subject." In *Howard v. Clark*, 43 Mo. 348, Bliss, J., delivering the opinion of the court, said: "If the court had no jurisdiction over the subject matter, the officer is supposed to know it; and an execution issued upon such judgment is no protection to him. It is his duty to refuse to serve it. But if the court has jurisdiction over the subject matter, and has only failed to obtain jurisdiction of the person, an execution will protect the officer, provided the failure does not appear upon the process in his hands."

Whether a case presents a want of jurisdiction or an irregular process or writ, is often a question of some difficulty. It is difficult to announce a rule on the subject of

easy application in all cases, but in *Savacool v. Boughton, supra,* the doctrine is as explicitly stated as is possible in a general proposition. In the case at bar the justice had jurisdiction over the subject matter. He was authorized to issue search warrants, on affidavit filed, and whether the affidavit filed was sufficient, or insufficient, is not a matter for the consideration of the ministerial officer to whom the warrant is directed. In *Sandford v. Nichols,* 13 Mass. 288, which was an action of trespass, in which the defendants relied as a defense upon a search warrant, issued by a justice of the peace, Parker, C. J., for the court, said: "We think that the defendants could have justified the acts complained of, by showing a regular warrant from a magistrate having jurisdiction over the subject, without showing that it was founded upon a complaint under oath. It will not do to require of executive officers, before they shall be held to obey the precepts directed to them, that they shall have evidence of the regularity of the proceedings of the tribunal which commands the duty.    *    *    *    It is a general and known principle that executive officers, obliged by law to serve legal writs and processes, are protected in the rightful discharge of their duty, if those precepts are sufficient in point of form and issue from a court or magistrate having jurisdiction of the subject matter. If such a magistrate shall proceed unlawfully in issuing the process, he and not the executive officer will be liable for the injury consequent upon the act." See also *Taylor v. Alexander,* 6 Ohio 147; *Bogan v. Stoutenburgh,* 7 Ohio, 2 pt. 133; *Davis v. Bush,* 4 Blackford 330. These cases are in accord with *Sandford v. Nichols,* 13 Mass. 288.

By the search warrant in the case under consideration, the officer is commanded to enter the house of Nicholas Melcher, in the City of Jefferson, and county of Cole, and search for, and if found, seize a Singer sewing machine, No. 1092588, which was an accurate description of the property. It does not purport to set out the affidavit filed, but states

that information had been given to the justice by Vaughn, special agent of the Singer Manufacturing Company, that said machine was, on or about the 1st day of July, 1875, by W. G. Gilmore, or some person unknown to him, conveyed and concealed in the house of the plaintiff. It was not the duty of the constable to go behind the warrant to inquire whether a proper or any affidavit had been filed. It was a search warrant, issued by a justice of the peace, who had jurisdiction over the subject matter, and as there was nothing on the face of the warrant to show that it had been improperly issued, it was a protection to him in the proper execution of the process.

It is insisted that the appeal was not properly allowed, because it does not appear that the Singer company, or *2. AFFIDAVIT FOR APPEAL SWORN TO BY AGENT.* Scruggs, or any agent of either, made the affidavit for an appeal. The affidavit was made by John L. Stanage, whose deposition was read in the case, in which he testified that he was the business manager of the Singer Manufacturing Company. This was sufficient under a recent decision of this court.

The appellant insists that the damages were excessive. We think not. In the language of the court in *Reed v.* *3. MEASURE OF DAMAGES FOR EXECUTING UNLAWFUL SEARCH WARRANT.* *Rice,* 2 J. J. Marshall 46 : "There is not a description of process known to the law, the execution of which is more distressing to the citizen. Perhaps there is none which excites such intense feeling, in consequence of its humiliating and degrading effects."

Another error occurred in the trial of the cause, which should be rectified on a re-trial. The suit should either *4. PRACTICE: default.* be dismissed as to Eaton, or a judgment by default taken against him. For the error committed by the court in refusing the instruction which we have particularly noticed, the judgment is reversed and the cause remanded. All concur.