MICHAEL ROUSEY, Appellant, v. LEVI WOOD *et al.*,
Respondents.

Kansas City Court of Appeals, January 18, 1892.

1. **Township Organization:** JUDICIAL NOTICE: PAROL. Courts cannot take judicial notice of the adoption of the township organization law. A properly certified copy of the abstract of the returns as made out and certified to by the clerk and spread upon the county-court record makes out *prima facie* an adoption of such statute; though, as in this case, the omission to offer such abstract may, if no objections are interposed, be supplied by parol.

2. **Township Organization:** ORDER OPENING NEW ROAD. An order of a township board to the road overseer which read, "You are hereby notified, etc. You are required to open, according to law, forty feet wide, etc., the public road lately located, and leading from, etc., running west one mile to, etc., as lies in your district," is so vague, uncertain and wanting in the statutory essentials that the overseer was not bound to obey, or, if he did, it was at his peril, unless there was something more in the record of the board to aid it.

3. **Process:** WHAT PROTECTS OFFICER : FAIR ON ITS FACE. Process is fair on its face which proceeds from a court, magistrate or body having authority to issue process of that nature, is in legal form, and on its face contains nothing to notify or fairly apprize the officer that it is issued without authority. Such process protects the officer, and it is not his duty to inquire as to the regularity of the proceeding upon which the writ, order, or mandate is based.

4. ——— : ——— : ROAD OVERSEER. The case of a road overseer seeking to justify his action under the order of the county court or township board, for opening a public road, is to be distinguished from cases like *Fisher v. Davis*, 27 Mo. App. 321, and *Ellis v. Railroad*, 51 Mo. 200.

5. ——— : ——— : INSUFFICIENT ORDER : SUFFICIENT RECORD : ROAD OVERSEER : PLEADING. Though the order delivered to the overseer directing him to open a new road may be insufficient, yet he will be protected by a sufficient order on the record of the township board, whether certified to him or not. But such record order should be specially pleaded.

VOL. 47—30

*Appeal from the DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Samuel G. Loring,* for appellant.

(1) There is another rule equally as well settled that an officer is bound to know the law, and when a court or tribunal issues a process to an officer he is bound to inquire into the authority of that court or tribunal to issue that particular process, and he is liable for executing it when it is issued by a court having no jurisdiction. *State v. Hacklett,* 37 Mo. 285. And he is bound to know the jurisdiction of the court issuing the writ. *Howard v. Clark,* 43 Mo. 349. (2) That process may be said to be fair on its face which proceeds from a court, magistrate or body having authority to issue a process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. Cooley on Torts, p. 459. (3) Another rule is equally as well settled that, when an officer justifies an act of trespass in the execution of a writ, his plea of justification should set forth specially the process under which he acted. Addison on Torts [Woods' Ed.] sec. 943, p. 158; Chitty on Pleadings, side p. 534. (4) The court erred in admitting in evidence the pretended order of the township board of Dallas township. Courts do not take judicial knowledge that on, or prior to, February 1, 1886, DeKalb county was organized under the township organization law. If DeKalb county at said date was subject to provisions of chapter 162 of the Revised Statutes of 1879, that fact, like any other fact, has to be established by competent evidence. *Robinson v. James,* 71 Mo. 584; *Spurlock v. Dougherty,* 81 Mo. 181. (5) The rule is well settled that, in order that an officer may justify under a process, it is essential that

jurisdiction be possessed by the court or tribunal from which that process emanates, and that such process be fair on its face. *Warrensburg v. Miller*, 47 Mo. 57; *Railroad v. Reynolds*, 89 Mo. 147; *Howard v. Clark*, 43 Mo. 344; *State to use, etc., v. Shacklett*, 37 Mo. 283; *Robinson v. James*, 71 Mo. 5C4; *Davis v. Fisher*, 27 Mo. App. 321; *Patrick v. Von Gerichten*, 10 Mo. App. 427; *Gray v. Bowles*, 74 Mo. 423; *Babb v. Bruere*, 23 Mo. App. 606. The court erred in refusing to give, as the law in the case, the four instructions prayed for by the plaintiff. They were proper and should have been given. The court erred in giving the instruction prayed for by the defendants.

*Kendall B. Randolph*, for respondents.

(1) The township board of directors is given jurisdiction over the subject-matter of opening roads, by article 14, chapter 162, 2 Revised Statutes, 1889; Freeman on Void Judicial Sales [3 Ed.] sec. 3. (2) A ministerial officer will not be held responsible for executing the mandate of a court having power to issue it, and if the process is fair on its face it is not his duty to inquire as to the regularity of the proceedings upon which the writ is based. *Brown v. Harris*, 52 Mo. 306; *McDonald v. Leffingwell*, 8 Mo. App. 234; *Dunbar v. Weightman*, 51 Mo. 432; *Mucher v. Scruggs*, 72 Mo. 406; *Howard v. Clark*, 43 Mo. 348; *Walker v. Likens*, 24 Mo. 298; *Wyatt v. Thomas*, 29 Mo. 23. (3) The appellant in his argument complains that there was no evidence that the question of township organization had been legally submitted and carried. Plaintiff testified that there was a township board in Dallas township; that the township was under township organization; that he knew there was a petition for this road being circulated; and that he attempted to appeal from the proceedings of the board in this very same matter to the county court on the question of the assessment of damages. (4) The

trial court was unquestionably right in giving the defendants' instruction. The judgment is for the right party, and should be affirmed.

SMITH, P. J.—This is an action based on sections 3921, 3922, Revised Statutes, 1879, to recover damages. The answers of the defendants were that a majority of the legal voters of DeKalb county, voting at an election for and against township organization, had voted for such organization, and that said county was governed by, and subject to, the provisions of chapter 162, Revised Statutes, 1879 ; that defendant Wood was a road overseer of the road district in which plaintiff's lands were situated. The defendants justified under an order of the township board of Dallas township, one of the townships in said county, directing the defendant Wood as road overseer to open and prepare for public use a road over the plaintiff's land. The other defendants were hands working under Wood in opening the road. The replication denied the allegations of the answer.

At the trial the defendants, to maintain the issue in their behalf, offered in evidence the order pleaded in the answer which was as follows :

"ORDER TO ROAD OVERSEER TO OPEN PUBLIC ROAD.

"To Levi Wood, Road Overseer of Road District Number 3, in Dallas Township, DeKalb County, Missouri.

"You are hereby notified that in compliance with an order of the board of directors of said township, made on the first day of February, 1886, you are required to open, according to law, forty feet wide so much of the public road lately located and leading from the southeast corner of the northeast quarter of the northeast quarter, section 6, township 59, range 30, running west one mile to the southwest corner of the northwest quarter of said section, township and range as lies in your district.

"Given under my hand, this the first day of February, 1886.

"W. R. CLARK,

"EDWIN BOYD,                                Clerk.

"President of Board."

The introduction of which in evidence, over the objections of the plaintiff, constitutes the principal ground of plaintiff's complaint here.

The defendants offered no evidence of the adoption of the statute in relation to township organization. A properly certified copy of the abstract of the returns of the said election, as made out and certified by the clerk and spread upon the records of the county court of the county, would have, without going further. *prima facie* established the adoption of the law. R. S. 1879, chap. 167, art. 1; *State v. Searcy*, 39 Mo. App. 393; *State v. Weatherly*, 45 Mo. App. 17. This was necessary to show the authority of the township board to make the order under which defendants sought to justify. The adoption of the township organization statute is a matter of option with each county, and whether a particular county had adopted it is a matter always resting *in pais.* The courts cannot take judicial cognizance of its adoption. It must be brought to the attention of the court by extrinsic evidence. *Robinson v. James*, 71 Mo. 582; *State v. Hays*, 78 Mo. 600; *City of Hopkins v. Railroad*, 79 Mo. 100; *Spurlock v. Dougherty*, 81 Mo. 171. This matter was not brought to the attention of the court in the manner which we have indicated and, therefore, the township board was without jurisdicton to make the order pleaded and under which defendants justify, unless, as defendants contend, the omission was supplied by parol evidence to which plaintiff made no objection.

An examination of the bill of exceptions sustains this contention. This evidence was inadmissible, and, had an objection been interposed to its introduction at the time, no doubt it would have been excluded; but

being admitted without objection on the part of the defendants, we cannot say it was without probative force.   It was some evidence, though not the best, that the county had adopted the township organization statute and was acting under its provisions.

Plaintiff further contends that, even if the township board was invested with authority to lay out new roads and order the same opened as provided in sections 28, 29, 30, 31 and 32 of the act approved March 29, 1883, Acts, 1883, pages 206–7, the order offered in evidence was insufficient to justify the acts on the part of the defendants of which complaint is made.   Section 30 of the act just named provides that when the township board "shall be of opinion that a road ought to be established, they shall order a survey thereof to be made by the county or other surveyor describing the routes by courses and distances and also the lands over which the road shall pass, etc.   Section 31 of the same act provides that, "whenever the township board of directors shall determine to lay out any new road or alter any old one, they shall incorporate such survey in an order signed by them declaring such road so altered or laid out to be a public highway, which order with the petition and plat or survey, shall be filed with the township clerk, etc.   Section 30 of the act already referred to provides that "upon the report of the surveyor it appears that the persons through whose land the proposed road passes have relinquished the right of way, and the damages for the right of way not relinquished have been paid as therein provided, the board may order the road to be opened and the lands over which it passes shall become a highway," etc.   Now it is obvious that the report of the surveyor describing the routes by courses and distances, and also the land over which the road will pass, is part of the judgment of the township board declaring the road laid out to be a public highway.   It is this judgment or order which it is the duty of the overseer of highways to execute.

The statute does not require that the order of the board for the opening of the road shall specially enjoin that duty upon the overseer of highways. The provisions of the act defining the duties of that officer imposes that duty. The order or judgment determining and declaring that the road shall be laid out, signed by the board of directors, coupled with the order that it shall be opened, is all, and the only precept, writ or process, which confers upon the overseer of highways the authority to open the road laid out.

The order pleaded and offered in evidence has not incorporated in it the report of the surveyor describing the routes by courses and distances, the land over which the road passes, nor the other facts in respect to the relinquishment of the right of way, the assessment and payment of the damages, etc., as required by said sections 30 and 31. But it may be contended that the statute provides for two orders, the one declaring the road laid out and the other that it be opened, the latter specially directed to the overseer of highways, which we do not think to be the fact; but, if so, we do not see how the survey can any more be dispensed with in the latter than in the former order. The survey is intended in a large measure for the guidance of the overseer of highways in opening the road. The order directs the opening of the road on a line dividing equally a section of land from the east to the west; whether the strip, forty feet wide, over which the road passes is to be found on the north or south side of this dividing line, or whether it bestrides the line, or upon whose lands it is to be opened, or whether the right of way has been in any way acquired, the order in question did not inform the overseer. The order, it seems to us, is so vague, uncertain and wanting in the statutory essentials that the overseer was not bound to obey it; or if he did it was at his peril, unless there is something more in the record of the township board to aid it.

Will such an order showing the absence of the survey, and without anything more, justify the acts of the overseer and the hands under him? It may be conceded that the township organization statute conferred upon the township board of Dallas township the authority to order roads laid out and opened as highways. It may, too, be conceded that a ministerial officer is not responsible for executing the mandate of a tribunal having power to issue it; and, if the process is fair on its face, that it is not his duty to inquire as to the regularity of the proceeding upon which the writ, order or mandate is based. This rule is abundantly established by all the authorities. *Walker v. Likens*, 24 Mo. 298; *Wyatt v. Thomas*, 29 Mo. 23; *Howard v. Clark*, 43 Mo. 348; *Dunbar v. Wightman*, 51 Mo. 432; *Brown v. Harris*, 52 Mo. 306; *Melcher v. Scruggs*, 72 Mo. 406. The only question being whether the order under which defendants justify is fair on its face. Process is fair on its face which proceeds from a court, magistrate or body having authority to issue process of that nature, which is in legal form, and on its face contains nothing to notify or fairly apprise the officers that it is issued without authority. Cooley on Torts, pp. 459-60. The order read in evidence shows upon its face that it is not legal in form. The glaring defects already pointed out were such as to fairly apprise the defendants that it was not an order or judgment authorized by the law. No order or judgment respecting the opening of the road, within the authority of the township board, was shown in evidence, and for the purposes of this case we may presume there were none such. The order relied on in this case must be assumed to be the only order made by the township board in respect to the opening of the road.

If the order declaring the road laid out and ordered to be opened had been sufficient in point of form, as it was not, then such an order would have been a protection to defendants. If the township board had

disregarded and neglected all the steps required by the statute to be taken before the making of such order, still if regular on its face it would have been a protection to defendants. If the township board proceeded unlawfully in making and issuing the order, if it was regular on its face, they, and not the defendants, would be liable for an injury consequent upon the act.

Whether the necessary petition signed by the required number of householders was presented to the township, or whether the notice of its presentation had been posted up, or whether other steps were taken or not which are required by statute to precede the making of the orders declaring the road laid out and opened, is a matter which defendants were not bound to know or to inquire into. The face of the order, if regular, was as far as they were bound to go. This view is fully sustained by *Melcher v. Scruggs*, and *Howard v. Clark*, *supra*, and the authorities there cited.

The case, where a road overseer is seeking to justify his action under an order of a county court or of a township board for the opening of a public road, is to be distinguished from cases like *Fisher v. Davis*, 27 Mo. App. 321; *Whitely v. Platte Co.*, 73 Mo. 30, and from the class of which *Ells v. Railroad*, 51 Mo. 200, is a type. The reason upon which the rule protecting road overseers rests is very tersely and forcibly stated by Judge Scott in *Douglas v. Stephens*, 18 Mo. 358, and *Walker v. Likens*, 24 Mo. 298. We think the order or judgment of the township board offered in evidence, standing unsupported, alone and by itself, was insufficient to justify the defendants in the commission of the acts complained of, and should have been excluded.

The instructions asked by the plaintiff should have been given, and that given for the defendant should have been refused.

As we shall reverse the judgment and remand the cause, it is proper to state that, if at another trial of

the cause the defendants can show that the township board, in addition to the order read in evidence, also made the order in respect to laying out and opening of the road, which we have indicated to be necessary under the statute, such order, if offered, may be admitted in evidence along with the order shown in the record in this case to constitute the justifying authority of the defendants in opening the road through the land of the plaintiff. If this essential order was of record, it will be sufficient to protect the defendants, whether it was certified to them or not. It should, however, be pleaded in conformity to the requirements of the statute. ( R. S., sec. 2079 ), and for that purpose defendants should be given leave to amend their answer, if they see fit to do so.

The judgment is reversed, and cause remanded. All concur.