For the reasons stated, the appeal must be dismissed. It is so ordered. All concur.

---

## STATE OF MISSOURI, Respondent, v. MILLER, Appellant.

St. Louis Court of Appeals, February 21, 1905.

1. ROADS AND HIGHWAYS: Jurisdiction of County Court: Petition. Where a county court acted upon a petition to change the route of a road, it will be presumed in a collateral proceeding that the court found, on competent evidence adduced before it, that the petition was properly signed, although the order did not recite the finding.

2. ———: ———: Petition and Notice. The presentation of a petition to the county court for a change of road, accompanied by proof of the legal publication of notice to parties interested, gives the county court jurisdiction to order the change, and its finding and judgment will not be open to collateral attack.

3. ———: ———: ———: When Court May Act. And such a petition may be acted upon at the term at which it is presented, if lawful and timely notice has been given.

4. ———: ———: Errors.  The granting of a petition and order-
ing a change of road, without hearing evidence as to the neces-
sity, probable damages, costs, etc., have nothing to do with
the jurisdiction, but are merely erroneous procedure and can
not be inquired into in a collateral proceeding.

5. ———: ———: Process.  Where the county court, acting upon
the requisite notice and petition which gave it jurisdiction,
ordered a road changed, one who closed up the old road in
obedience to a direct order of the county court was acting law-
fully.

6. ———: ———: ———.  The rule that an officer executing
process is only bound to see that it is "fair on its face" and need
make no inquiry further than to ascertain if the court has juris-
diction over the subject-matter, applies to one closing up a high-
way in pursuance of an order of the county court.

Appeal from Texas Circuit Court.—*Hon. Leigh B.
Woodside,* Judge.

REVERSED.

*T. J. Hale* and *Lamar, Barton & Lamar* for ap-
pellant.

(1)  The court should have directed an acquittal,
because the county court record is sufficient to change
the road.  All jurisdictional facts sufficiently appear
somewhere in the proceeding.  Sutton v. Cole, 155 Mo.
206, 55 S. W. 1052.  (2)  The findings and judgment
of the county court are not open to collateral attack
and its judgment is entitled to every presumption in
its favor.  Baubie v. Ossman, 142 Mo. 499, 44 S. W.
338.  (3)  When we consider the pleadings and entire
record, all obscurity is dispelled and the intention of
the court made apparent.  This we are entitled to re-
gard and have the record as thus explained given ef-
fect.  Clay v. Hilderbrand, 34 Kan. 694; 1 Black on
Judgments, sec. 123.  This is certainly true in a crim-
inal prosecution.  (4)  The uncontradicted evidence
tended to show that defendant acted in entire good
faith under the direction of the county court.  Defend-

ant's first refused declaration of law submitted this as a defense. This was error. State v. White, 96 Mo. App. 34, 69 S. W. 684; State v. Ferguson, 82 Mo. App. 583; State v. Preston, 34 Wis. 682.

## STATEMENT.

The defendant Miller was informed against and convicted of the offense of unlawfully obstructing a public highway in Texas county, Missouri, leading from Cabool to Mt. Grove, and known as the Cabool and Mt. Grove road. The alleged obstruction was placed in said road where it crossed defendant's farm and consists of a fence built across the road in the year 1899. The information was filed by the prosecuting attorney November 11, 1903, and averred that the fence, though originally erected across the road in 1899, had remained there as an unlawful obstruction ever since. In 1897 a petition was presented to the county court of Texas county signed by many persons and reciting that more than twelve of them were free-holders, asking that the road in question be diverted from part of its course and a new route opened for a designated distance. In other words, the petition was for a change of the road, describing the old route and the one the petitioners wished to open in lieu of it. Due notice was given by posting handbills of the intended application for the change of the road, and on proof of this fact, the county court entered an order to grant the change petitioned for at the expense of the petitioners, ordered the road commissioner to survey and mark out the course of the road, take relinquishments of right of way and report what he had done at the August term, 1897, of said court. His report was filed in due time and on November 3, 1897, the court approved it. The report is quite full as to the course the road should run after the contemplated change, the names of persons who had relinquished right of way, the description of their property, the

land given for right of way, and the names of two land-owners through whose lands the road would run who refused to relinquish right of way. It contains no estimate of the costs of the construction of the new road in making culverts, bridges and grading, nor a statement of the amount of damages claimed by the property-owners who had refused to relinquish right of way. Subsequently in March, 1899, a petition signed by numerous citizens was presented to the county court asking the court to reopen the road upon the course it had run previous to the change. This petition was rejected. The following admission appears in the transcript:

"It is admitted in open court by the prosecuting attorney and the defendant, that the defendant got a written order from the clerk of the county court which was given by the direction of a majority of the judges of the county court, to close up the road in question."

It was shown the court was in session when the order to close the old route was given to the defendant. He acted under the order and then turned it over to the railway company whose line the new road crossed, for the company to go by in putting in a crossing. Part of the old road which was abandoned in favor of the new one, ran across the defendant's farm and he built a fence across it. It appears that the defendant was opposed at first to the change of route; but after it had been ordered by the county court and a written order had been issued to him to open the new route and close the old one, he obeyed the order.

Of its own motion the court instructed the jury as follows:

"1. The court declares the law to be that where it is shown that a road has been used by the public and worked by the road overseer for a period of ten years, that it is sufficient evidence to find that it was a public road within the meaning of the road laws of

this State, and to which the public have a vested right.

"2. The right of the public to an established road could not be divested except in the way directed by the statute, and the county court has no jurisdiction to make an order, establishing a new road or changing an old one, until it has been examined and located by the road overseer and either the report of said road overseer must show that the money has been paid with which to construct the same or that it has been constructed by the petitioners.

"3. Where a petition for a change of road sets out specifically the ground upon which it is to run, its courses and distances, neither the commissioner nor the county court can afterwards change said route and grant a change of road upon a different line from that set out in the petition, and any order attempting so to do is absolutely void.

"4. The court further declares that if the defendant John P. Miller, in the month of August, A. D. 1899, did unlawfully obstruct a public road in Texas county, Missouri, to-wit: a road leading from Cabool to Mountain Grove, Missouri, and known as the Cabool and Mountain Grove road, by building a fence across the same, and if he has maintained said fence across said road, within one year before the filing of the information in this case, then he should be found guilty of obstructing a public road."

All the instructions asked by the defendant were refused. They need not be copied.

GOODE, J. (after stating the facts).—It is conceded by the State that the defendant acted pursuant to the written order or process of the county court in closing the old road, but is contended that the order affords him no protection, because said court was without jurisdiction of the matter. The warrant or process to the defendant is not before us; but the State has made no point against its form or regularity and we

shall assume, in disposing of the appeal, that the order was fair on its face, contained nothing to show the county court acted without jurisdiction of the cause and directed the defendant to close a stretch of the old road which included the point where he built his fence. This is taken for granted in the briefs of both parties and may be considered as covered by the admission made in open court. The essential controversy turns altogether on whether the county court had the jurisdiction requisite to enable it to issue a writ that would protect the defendant in closing the old road. The jurisdiction of the county court is assailed on several grounds. It is said the court granted the petition for the change of road and ordered the road commissioner to mark out the new route without previously finding that the petition was signed by twelve freeholders, without finding that notice of the intended application had been given as required by the statute, at the term of court when the petition was presented, before the court had heard testimony as to the necessity or practicability of the change, the probable damages to non-consenting landowners and the expense of locating the changed road, and before the road commissioner had been ordered to view and mark out the the road or had made a report of the cost of construction and the other matters he is required to report. By reason of the foregoing facts it is contended the county court acted without jurisdiction. The description of the proposed new route contained in the entry of record of the order granting the prayer of the petitioners and directing the road opened, is asserted to vary from the description of the proposed route in the petition itself, and the route designated by the county road commissioner to differ from both prior descriptions.

The entry of the order granting a change of road and directing the road commissioner to mark out a new route, has no recital that the petition was signed

by twelve freeholders; but we think it should not be held, in this collateral proceeding, that the county court was without jurisdiction on account of the absence of this recital. That very point was decided in Snoddy v. Pettis County, 45 Mo. 361, in which case the court said:

"It is claimed that those proceedings were erroneous; First, because the petition does not show that twelve of its signers were householders of the township, etc. The statute is express that it must be signed by that number of householders, etc., three of whom shall be of the immediate neighborhood of the road. But it does not say that they shall be so described in the petition; and if they were so described, it would have been no evidence of the fact. This character of the petitioners must be proved to the satisfaction of the court before any action is taken upon their petition; and it would be well, though it is not essential, for the record to show the finding of the court in this regard. But if the county court makes an order in relation to the subject-matter of the petition, which it would have no right to make without preliminary proof, we are bound to suppose, unless the contrary appears, that this proof was made."

This ruling has been followed many times and was reviewed and declared sound in Belk v. Hamilton, 130 Mo. 292, 300, 32 S. W. 656, where the decisions in support of it are assembled. There is some contrariety of opinion in various jurisdictions on this proposition; but the cases cited appear to settle the proposition in Missouri against the contention of the State. As the county court acted on the petition, it is to be presumed, *in a collateral inquiry,* that the court found on competent evidence adduced before it, that the petition was properly signed.

The record of the county court shows it found the requisite notice had been given of the intention to present the petition. County courts have exclusive juris-

diction of proceedings to open and change roads and, hence, the county court of Texas county had jurisdiction of the subject-matter of this particular proceeding. [Lingo v. Burford, 112 Mo. 149, 20 S. W. 459.] The presentation of the petition for a change of road, accompanied by proof of legal publication of notice to parties interested, gave the county court jurisdiction of this proceeding, and its finding and judgment are not open to collateral attack. [Baubie v. Ossman, 142 Mo. 499, 44 S. W. 338; Daugherty v. Brown, 91 Mo. 26, 30, 3 S. W. 210; Zimmerman v. Snowden, 88 Mo. 218.]

The statute allows a petition for the opening of a new road or for a change of road, to be acted on during the term of court at which it is presented, if lawful and timely notice has been given. [R. S. 1899, secs. 9415, 9416; R. S. 1899, sec. 7798.]

That the court granted the petition and ordered the road commissioner to mark out the road without hearing evidence of its cost and other matters, plainly had nothing to do with its jurisdiction, but was merely an erroneous procedure. As much may be said of the circumstance that it acted on an incomplete report from the commissioner and one containing no estimate of the cost of construction or the damages asked by non-relinquishing property-owners. The court's jurisdiction of the proceeding depended on the presentation of a proper petition after seasonable posting of proper notices. [Cases supra.] That a failure on the part of the county court to observe the law in such particulars as those just mentioned, does not lay an overseer liable for carrying out an order of the court was determined in Butler v. Parrish, 18 Mo. 357; Walker v. Likens, 24 Mo. 298; Patten v. Weightman, 51 Mo. 432; Crenshaw v. Sayder, 117 Mo. 167, 22 S. W. 1104; Ramsey v. Wood, 57 Mo. App. 650; Id., 47 Mo. App. 465; Perry v. Hill, 36 Mo. App. 685, and Wooldridge v. Rentschler, 62 Mo. App. 591. The discrepancies between the petition, the order of the court and

the commissioner's report in describing the course of the new road, had no bearing on the court's jurisdiction; and especially had they no bearing so far as protection to the defendant by its order to close the old road is concerned. No doubt a county court must open a road according to the route petitioned for and cannot materially diverge from that route. If it does its orders will be treated as void on appeal. But such mistakes do not go to the jurisdiction of the court even in the particular proceeding, which, as stated, depends on the petition and notice. It would appear, therefore, from what has been said, and the authorities cited, that the jurisdiction of the Texas County Court, to act in this road proceeding when it undertook to make orders, is invulnerable to collateral attack; and if the protection of the defendant by the writ he acted under depended on the jurisdiction of the court over the particular matter, nevertheless he would be protected well.

But we understand the jurisdiction required to protect an officer who acts pursant to the mandate or process of either a superior or an inferior court, is jurisdiction over the subject-matter; that is, power to deal with matters of the general class within which the particular proceeding falls. This we think is true when the officer acts pursant to a writ which is fair on its face and contains nothing to show the court acted without jurisdiction of the particular cause. [Savacool v. Boughton, 5 Wend. 170; Throop, Public Officers, sec. 757; Mechem, Public Officers, sec. 768 and cases cited.] A ministerial officer, such as a sheriff, constable, or highway overseer, is bound to execute a process put into his hands and is neither required nor allowed to look behind his writ to ascertain whether it is founded on a valid judgment. He is only bound to see that it was issued by a court having jurisdiction over the subject-matter. It is said a process fair on its face is such a one as appears to be lawfully issued

from a court, magistrate or body having authority to issue writs of that nature and containing nothing on its face to notify or fairly apprise the officer that it was issued without authority. [Cooley, Torts (2 Ed.), 538; Throop, Public Officers, 758; Milburn v. Gilman, 11 Mo. 64; Rousey v. Wood, 47 Mo. App. 465, 472; Howard v. Clark, 43 Mo. 348; Melcher v. Scruggs, 72 Mo. 406; St. Louis & S. F. Railway v. Lowder, 138 Mo. 533, 39 S. W. 799.] In Butler v. Barr, 18 Mo. 357, the only justification relied on by the defendant for opening a road through the plaintiff's land was his appointment as road overseer and the order of the county court establishing the road. No process was put into that defendant's hands commanding him to open the road, yet he was held protected as he acted officially, unless he departed from the order of the court. The present defendant is admitted to have acted under a warrant which commanded him to close the road he closed.

The instructions of the court practically made the defendant guilty no matter how fair his process, if the county court ordered the new route opened and the old one closed before the route had been examined and located by the road commissioner, or before the road commissioner had reported that the money had been paid with which to construct the new road or that the road had been constructed by the petitioners. It also made the defendant guilty if the road he was ordered to open differed from the one petitioned for. How he could be guilty of a crime in obeying an order to close part of an old road, because the county court erroneously ordered a new road opened different from the one petitioned for, is not easy to see. Under the rulings of the circuit court the order of the county court to the defendant, no matter what it commanded nor how fair it appeared, was no protection and he was bound, before executing it, to go over the county court's orders and proceedings and ascertain their validity. In

other words, he executed the writ at his peril. We do not understand this to be the law. The order issued by the county court in this proceeding, commanding him to close the old road, protected him. As authority is given to county courts, not only to open new roads, but to change old ones over certain parts of their courses, the power to change implies the power, not only to open the new course, but to vacate the old one. [15 Am. & Eng. Ency. Law (2 Ed.), p. 392, 404 and citations.] It is our opinion that as the warrant under which the defendant acted was, as far as appears, fair on its face and issued by a court having jurisdiction of the subject-matter, and as he obeyed it in the performance of his official duties, he should have been acquitted. The judgment is reversed.

All concur.