30  407
150m 629

STATE OF MISSOURI *ex rel.* JOHN C. BENDER, Appellant,
v. JAMES L. SPENCER *et al.*, Respondents.

Kansas City Court of Appeals, January 9, 1888.*

1. LIMITATIONS—BID AT SHERIFF'S SALE—RIGHTS OF BIDDER AS TO
DEED, ETC.—A bidder at sheriff's sale, under execution, purchas-
ing property and paying for it in accordance with his bid, is entitled
to a deed to the property ; or an immediate return of his money,
if a deed could not, for any reason, be made. And his cause of
action against the sheriff accrues at that time ; and is subject to the
bar of the statute of limitations, when pleaded.

2. SHERIFF—HOW FAR PROTECTED BY WRIT—CASE ADJUDGED.—A
sheriff is protected by the writ which he executes (if it be a valid
one) if he follow the directions contained in it, and endorsed upon
it. And where (as in this case) the sheriff had made his return,
and distributed the money realized, in accordance with such
directions, he cannot be affected by any subsequent action of the
court relating to it.

APPEAL from Buchanan Circuit Court, HON. B. J.
CASTEEL, Special Judge.

*Affirmed.*

Statement of case by the court.

This is a suit on sheriff's bond where plaintiff seeks
to recover five hundred dollars in the first count as dam-
age for failure on the part of the sheriff to make him a
deed to certain real estate, bid off by plaintiff at a sale
under two certain executions hereinafter mentioned.
And in the second count, plaintiff claims a certain bal-
ance which he alleges is in the hands of the sheriff and
due him as assignee of a junior judgment, on which an
execution had issued, and under which, together with
another execution, issued upon a senior judgment
against the same defendants, sale took place under these

*NOTE.—This opinion was not delivered to me until June 28,
1888.—*Reporter.*

two executions. One in favor of *State to use of Thomas A. King v. Matney et al.*, for $3,540.60, which was issued on a senior judgment, and was to be first satisfied out of the proceeds, as will appear from the record. On the back of this execution, and opposite the word interest, the following per cent. mark appeared, "10%." The other execution was in favor of *State to use of Wm. H. King v. Matney et al.* (same defendants), issued from a junior judgment, and was for $3,387.39. The sheriff sold divers pieces of property at said sale, under the two executions, amounting in the aggregate to $4,633. The sheriff did not make his return on said executions until January 1, 1879, for the reason that motions were filed at the term following the sale, to-wit: January 10, 1878, in two cases, touching the application of the funds or proceeds of the sale, asking that the proceeds be applied equally upon the two executions, and these motions were not disposed of until the September term, 1878, when they were overruled.

At the January term, 1879, the sheriff made his return and report of sale, applying the proceeds on the execution issued on the senior judgment, and reckoning the rate of interest at ten per cent. After this return was made and the proceeds were thus applied, a motion was filed February 13, 1879, asking the court to order the sheriff to apply on said senior judgment only such sum as the debt specified in the execution issued on the senior judgment would amount to if computed at six per cent., and to apply the remainder on the execution on the junior judgment, which motion was sustained March 10, 1879, and the order was made accordingly. The sheriff had already applied the funds, however, as shown by his return and report of sale at the January term, 1879, and had computed the debt due on the senior judgment at ten per cent., whereby a balance was still left unsatisfied on said debt, and the execution was returned not satisfied.

J. W. Boyd, for the appellant.

I. Under the pleadings, evidence, and instruction

number one, given on the part of plaintiff by the court, the plaintiff is entitled to judgment on the first count in the petition. The matters presented in that instruction, in the finding of which to be true, the court says therein plaintiff is entitled to recover, are really admitted by the pleadings and evidence of the defendants. If that instruction is the law (and the circuit court gave it), then under the pleadings and evidence plaintiff is entitled to judgment on the first count. It was error to find for defendants.

II. Under the pleadings, evidence, and the law, as declared by instruction number two, given on the part of the plaintiff, plaintiff is entitled to a judgment on the second count. It is not denied that Bender, the relator, is entitled to any balance from said execution sales, after deducting the amount of the costs in both cases, to-wit, three hundred and fifty dollars (the sum claimed by Spencer to be the costs); and the balance due on the judgment in favor of Thomas A. King, it being the senior judgment. Plaintiff claims there is a considerable balance; as we understand the defendants, they claim there is no balance, and that the costs of the Thomas A. King judgment amount to a sum equal to the amount of the sales.

III. And this claim on part of defendants is based upon two assumptions: (1) that the Thomas A. King judgment bore ten per cent. interest; (2) that the defendant Spencer is not bound to account for three hundred and eighty dollars, the price of the lot sold him, but which he says in his return was bid off but not sold.

IV. Whether plaintiff is entitled to judgment on this second count, under the law as declared by the court, is a matter of simple addition and subtraction, after the question of the rate of interest the Thomas A. King judgment bore is determined. The revival of the Thomas A. King judgment was made October 24, 1877. The record of the court there states that the judgment bears interest at the rate of six per cent. The execution

on this judgment does not mention any rate of interest to be collected; hence it was the duty of the sheriff to pay Thomas A. King only six per cent. interest.

V.   The court erred in refusing the other instructions asked by plaintiff.  They correctly state the law.

VI.   Instruction number one, given on the part of defendants, is erroneous.  The execution did not direct the sheriff to make the debt due Thomas A. King, and ten per cent. interest.  It did not mention any rate of interest.  The execution needed no correction.

VII.   Instruction number two, given on the part of defendants, is erroneous.  It declares, as matter of law, that if the court finds that, in pursuance of an arrangement between King and Matney, one of the defendants in said execution, Matney conveyed said lot on Frederick avenue ( the lot C. A. Mossman bid off for three hundred and eighty dollars), and received a credit on an agreed sum on said judgment as value of said lot, then, etc.  This is not the law.  Such an arrangement could not affect the interest of Albin or Gaston, two other defendants in these executions, had in this lot.  It was the business of the sheriff to sell, and he did sell the interest of all the defendants in the execution in and to this lot.  And if bidders were willing to bid three hundred and eighty dollars for Albin's and Gaston's interest therein, the assumed arrangement with Matney could not affect this execution sale.  This lot was levied on as the property of Matney, Albin, and Gaston, and the interest of all of them was sold by defendant Spencer.

WHITE & SPENCER, for the respondents.

I.   What was the character of the payment?  Was it a partial payment upon the aggregate amount of the bids, or was it a complete payment for any particular parcel of the land purchased by the plaintiff?  It would seem that the payment was a partial payment upon the aggregate amount of the bids, and was so regarded at the time by both plaintiff and defendants.  Admitting

the right of a purchaser, at a sheriff's sale (under the circumstances named), of various parcels of land, to pay for those parcels in which he might think he had a bargain, and refuse to pay for the remaining parcels of land purchased at the sale by him, who but the purchaser can make the selection of the particular parcels of land upon which to make an application of the payment? When the purchaser makes a payment, generally, without making any particular application, can the sheriff do it for him? or can it be held, even if the sheriff may make such application, that it is the duty of the sheriff to make such application? But however this may be, it is true that the payment in February, 1878, was either a partial payment upon the aggregate amount of the bids made by the plaintiff, or it was a complete payment for certain particular parcels of land. It was one or the other, and its character, when made, continued for all time, not to be changed by either the plaintiff or the defendant.

II. Now, if the payment was a partial payment, the plaintiff had no cause of action under the first count, because, not having complied with his duty to pay his entire bid, he had no right to a deed from the defendant. But if the plaintiff had a cause of action on account of the partial payment, it accrued to him upon making that payment. The payment was made in February, 1878 ; the petition in this case was filed in August, 1881. The cause of action was barred by the statute of limitations, more than three years having elapsed between the time of payment and the institution of this suit. *State ex rel. v. Spencer*, 79 Mo. 314. If, however, the payment was a complete payment for certain particular parcels of land, to be selected and designated by the plaintiff, his right to a deed to the particular parcel of land was given by the payment, and his cause of action accrued at the time of payment.

III. But perhaps the most peculiar feature about this suit is the fact that the plaintiff seeks to recover the same thing twice by the different modes set out in

his first and second count. By reference to the fifth instruction asked by the plaintiff, it will be seen that the measure of damages, as prayed for in the first count, is stated to be the amount of money paid by plaintiff on his bids at said sale, to-wit, $331.75, and the court is asked to so assess his damages if a finding is had for him on the first count. Then, by reference to the manner of computation by which plaintiff seeks to recover the three hundred and eighty dollars in the second count, it will appear that this same item of $331.75 is used and computed as part of the aggregate amount alleged to have been received by the defendant as sheriff at the sale. In other words, the discrepancy between plaintiff and defendant as to the amount received at the sale, is accounted for in the items of three hundred and eighty dollars bid by Mosman, as attorney for plaintiff, and afterwards returned by sheriff as unsold, at said attorney's request and direction. The sheriff's return shows the aggregate amount of sale forty-six hundred and thirty-three dollars; the plaintiff claims it to be fifty hundred and thirteen dollars, the difference being three hundred and eighty dollars bid by Mossman as above explained. But the amount, $331.75, which plaintiff seeks to recover as damage in his first count, is included, and goes to make up the aggregate amount received by sheriff in any event, and hence for plaintiff to ask to recover the $331.75 in the first count, as damage, and also seek to recover it in the second count, as balance of money in hands of the sheriff, is an evidence of greed not frequently seriously contended for in courts. And notwithstanding this, the plaintiff shows further that he had the same property which he bid off for ten hundred and seventy-nine dollars (including $331.75) sold under another execution, issued on the same judgment and for the full amount of the same, without any credit whatever, whereby he again gets the benefit of this sum of $331.75, or any other sum which might have been in the sheriff's hands and entitled to be entered as a credit on this judgment which he claims as assignee.

IV.   And lastly, plaintiff concludes his testimony by stating that he has brought another suit against defendant Spencer individually, and not on his bond as sheriff, in the circuit court, in which this suit was tried, for the same sum of $331.75, making an effort to get, the fourth time, that to which he is not once entitled.   The judgment of the circuit court was for the right party, and should not be disturbed.

H. S. KELLY, for the appellant, on motion for rehearing.

I.   At the time of this payment Bender demanded a deed for all the property bid off by him, but declined to pay the balance of his bids, because he claimed to be the owner of the junior judgment and execution and the balance of the money belonged to him.   The sheriff, Spencer, testified that Bender never demanded a deed of him, nor the repayment of the $331.75; but that he tendered a deed for the property bid off and demanded the amount bid, but Bender was never ready to pay.   This was the situation until October, 1878.   There was a motion pending in court to determine the application of the money realized as between these two executions, which was not determined until January, 1879, and at that time, January, 1879, the sheriff returned the two executions.   In October, 1878, Bender presented a partial list of pieces of property bid off by him at the sale to the sheriff and asked for a deed to the pieces thus selected. The sheriff refused the deed and Bender then demanded his money, $331.75, paid on his bids in February before.

II.   The payment made in February, 1878, of $331.75, was a part payment of the whole sum of his several bids and was intended by Bender, at the time, as full payment, as he claimed to be the owner of the junior judgment and contended that he was entitled to have his bids returned as paid after enough had been paid to satisfy the first execution and costs.   But when the sheriff refused to recognize his claim to the junior judgment, Bender made out a list of property bid off which would

cover the amount of the money paid to the sheriff in
February, 1878, and demanded a deed for such pieces.
The sheriff offered him a deed to all the property if he
would pay the whole amount of his bid, which Bender
refused, and demanded his money.

III.    Although the assignment of the judgment to
Bender was not at that time made on the record, as
required by the statute, yet if the sheriff had notice of
his claim it was his duty to recognize it and make him a
deed to the whole property. *Burgess v. Cave*, 52 Mo.
43.    Otherwise it was his duty to enforce payment or
re-sell the property and hold Bender for the loss—the
difference between the first and last sales. Prior to
October, 1878, Bender had insisted upon a deed, and had
not demanded a return of his money; but at that time
he demanded one or the other. The sheriff had a right
to keep what had been paid to him on those bids and
re-sell or force payment of the balance until he returned
the executions in January, 1879, by which act he put it
out of his power to compel Bender to pay the balance of
his bids, and not having deeded any part of the land to
Bender, he became liable to him for the money. He
could not keep the money and refuse to make a deed for
so much of the property bid off as covered the amount
paid on the bids.

IV.    As against the execution creditor the statute
of limitations does not commence running in favor of
the sheriff until there has been a demand for the money
or the execution has been returned. *Schaeffer v. Ber-
nero*, 11 Mo. App. 562, 567; *State ex rel. v. Minor*, 44 Mo.
373; *Kirk v. Sportsman*, 48 Mo. 383; *State ex rel. v.
Gatzweiler*, 49 Mo. 17; *Lesem v. Neal*, 53 Mo. 412, 420.

ELLISON, J.—It appears that at the execution sale
relator bought several pieces at prices aggregating one
thousand and seventy-nine dollars, on which he paid
$331.35; that the total sales amounted to forty-six hun-
dred and thirty-three dollars, excluding lots bid off by
Mosman for three hundred and eighty dollars, or five

thousand and thirteen dollars including these lots. These lots were returned unsold by order of the attorney for the plaintiffs in the executions.     Said sum of $331.35 was paid by relator on his purchase in February, 1878, and to recover this sum is the object of the first count, it being alleged that defendant refused either to make him a deed to the property on which this sum was bid, or to return the money.     The statute of limitations was pleaded by defendant.     We think the claim is barred by the statute, which in cases of this kind is three years. The sale was October 31, 1877, payment was made in February, 1878, and the petition not filed till August, 1881.     *State ex rel. v. Spencer*, 79 Mo. 314.     When the payment was made he was entitled to his deed or an immediate return of his money, if a deed could not for any reason be made, and his cause of action accrued at that time.

The second count is based on relator's ownership of the junior judgment and being entitled to the balance of the proceeds of sales after satisfying the senior judgment and the costs in both cases.     The claim is really made up in part by the three hundred and eighty dollars, the amount bid by Mosman, the attorney for plaintiffs in the executions, on a portion of the property, which was by Mosman ordered returned unsold.     The transaction in this regard was properly covered by instruction number two for defendant, and the court must have found against plaintiff on that part of the claim.     The claim is also made up, in part, by counting the senior judgment at six per cent. instead of ten, as endorsed on the execution.     The sheriff had a right to consider the senior judgment as drawing ten per cent. from the fact that the execution was so endorsed.     He is protected in this respect by his writ.     It is true the court on motion afterwards declared the senior judgment only drew six per cent, but prior to this the sheriff had made his return and disbursed the money realized.

On the whole case we see no ground for disturbing the judgment of the lower court and it is, therefore, affirmed.     Philips, P. J., concurs; Hall, J., not sitting.