Burnham, Hanna, Munger & Co. v. Blank.

BURNHAM, HANNA, MUNGER & Co., Respondents, v. MAX BLANK et al., Appellants.

Kansas City Court of Appeals, March 7, and April 4, 1892.

1. **Attachment:** RIGHTS AND PRIORITIES. The rights and priorities of attachment creditors, as between themselves, are matters of strict law. If the first attacher once loses his lien, the rights of the junior attachers intervene and take precedence. The execution lien must be traced through the usual course of judicial procedure to the original levy under the writ of attachment.

2. ———: ———: CONFESSION OF JUDGMENT. S. sued out his writ of attachment in due form against M. Subsequently B. likewise duly brought attachment against M. Before the return term of these writs, S. secured from M. a confession of judgment in statutory form, on which the court entered judgment by confession, reciting therein that it was upon a statement in writing for confession of judgment, but without any reference to the attachment suit or property. *Held,* the execution on S.'s judgment should be postponed to the execution on B.'s judgment which was obtained in the usual course.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

STATEMENT by the court:

EXHIBIT A.

Confession of judgment:

" In the Circuit Court of Jackson County, Missouri,
at Kansas City.

"Mary Samter, Plaintiff,  ⎫
    *v.*      ⎬ No. 10860.
"Max Blank, Defendant. ⎭

"*First.* The amount for which judgment may be
rendered against me in favor of Mary Samter is $500,
and interest accrued thereon, $12.45, making in all
$512.45, and I authorize judgment to be entered against
me for $512.45 in the above cause.

"*Second.* The fact out of which the above indebted-
ness arose are as follows: I, Max Blank, being in the
mercantile business at number 1428, East Eighteenth
Street, Kansas City, Missouri, borrowed from Mary
Samter the sum of $500 to pay certain liabilities I
had incurred in said business; that the said sum of
$500 was used in paying for goods that were purchased
and used by me in said business at the above number;
that at the time I borrowed said sum of $500 from Mary
Samter I executed and delivered to her five $100 notes,
due in one, two, three, four and five months from
their date, viz., September 1, 1887; that none of said
notes have been paid by me, or any part of said sum
of $500, and that the same is now justly due the said
Mary Samter; that all of said notes are not now due;
that said notes bear interest from date at the rate of
ten per cent. per annum.   MAX BLANK.

"Witness: EUGENE SCHILLING."

"STATE OF NEBRASKA, ⎫ ss.
"County of Saline.     ⎭

"Max Blank, being duly sworn, on his oath deposes and says: That the facts set forth in the foregoing statement are true.

"[Signed]                    MAX BLANK.

"Subscribed and sworn to before me this third. day of December, A. D. 1887.

"My commission expires October 26, 1892.

"[Notary Seal.]              EUGENE SCHILLING,
                                    "Notary Public."

Said confession of judgment was indorsed as follows:

"No. 10860. Mary Samter v. Max Blank, confession of judgment. Filed December 5, 1887.

                              "L. F. McCOY,
                                    "Clerk.

" By J. S. CHASE,
    "Deputy Clerk."

### EXHIBIT B.

Copy of judgment entered on said confession of judgment:

"In the Circuit Court of Jackson County, Missouri,. at Kansas City, Monday, December 5, A. D. 1887.

"Mary Samter, Plaintiff, ⎫
          v.               ⎬ No. 10860.
"Max Blank, Defendant.  ⎭

"Now at this day comes plaintiff, by attorney, and files a statement in writing for confession of judgment made and signed by the defendant and verified by his affidavit to the following effect: Stating the amount of $512.45 for which judgment may be rendered, and authorizing the entry of judgment thereon, and stating concisely the facts out of which the money due or to become due arose, and showing that the sum confessed

therefor is justly due or to become due. And the court being satisfied that the said defendant executed the said statement in writing and made the affidavit required thereto, it is, therefore, considered and adjudged by the court that said plaintiff. have and recover of and from the said defendant the sum so confessed, with interest thereon at the rate of ten per cent. per annum, the rate specified in the notes mentioned in the statement, together with the costs of suit incurred and expended, and have thereof execution."

*E. C. Mapledoram* and *Jas. A. Reed,* for appellants.

(1) After service on defendant of writ of attachment, the cause of Samter *v.* Blank stood as it commenced by summons only, R. S. 1889, sec. 560; *Huxley v. Harold,* 62 Mo. 50. (2) The defendant Blank having consented thereto, judgment was properly entered in the case of Samter *v.* Blank before the return day of the writ. 3 Blackstone's Commentaries, 213, 223, 225; Tidd's Practice, 606; R. S. 1889, secs. 2191, 2192; *White v. Bogard,* 73 N. Y. 256; *Boyd v. Carpet Co.,* 38 Mo. App. 203; *Chamberlain v. Mining Co.,* 20 Mo. 96; *Adler v. Anderson,* 42 Mo. App. 189. (3) It is admitted in the agreed statement of facts that the confession of judgment was numbered and filed, and that judgment thereon was entered, in the attachment cause of Samter *v.* Blank. (4) After process had been served on defendant, the statute for confession of judgment could not apply. *Gilbert v. Gilbert,* 33 Mo. App. 267; *Boyd v. Carpet Co.,* 38 Mo. App. 203; *Adler v. Anderson, supra; Crouse v. Derbyshire,* 10 Mich. 479; *Davis v. Wood,* 7 Mo. 162. (5) There having been no proof of fraud, the court in this proceeding had no jurisdiction to postpone the lien of the judgment in the attachment cause of Samter *v.* Blank beyond the lien of plaintiffs' judgment. The parties to the judgment

not complaining, strangers cannot. *Gilman v. Hovey,* 26 Mo. 289; *Gates v. Tusten,* 89 Mo. 14. (6) The order of the court in the case of Schwartz *v.* Blank, requiring the sheriff to pay money to Schwartz, having been complied with, is effectual and conclusive in Schwartz's behalf.

*Karnes, Holmes & Krauthoff,* for respondents.

(1) The question involved stands answered in the affirmative by rules which have the sanction of all the authorities on the subject. *Gilbert v. Gilbert,* 33 Mo. App. 259, 265, 267; *Murray v. Eldridge,* 2 Vt. 388, 392; *Clark v. Foxcraft,* 7 Me. 348, 351; *Cole v. Worcester,* 2 Conn. 203, 205; *Suydam v. Huggerford,* 23 Pick. 465, 472; *Iron Co. v. Gleeson,* 24 Vt. 228, 235; *Lowery v. McGee,* 75 Ind. 500, 510. It is universally held that the result is such that subsequent attaching creditors can take advantage of the same. *Bank v. McDonald,* 46 Mo. 31, 33; *Stone v. Miller,* 62 Barb. 430, 443; *Alley v. Myers,* 2 Tenn. Ch. 206, 210; Drake on Attachment [7 Ed.] sec. 262; *Gilbert v. Gilbert,* 33 Mo. App. 259, 265; *Pond v. Davenport,* 44 Cal. 481, 486. (2) The order of the court made in the Schwartz case was without effect on these plaintiffs, for the conclusive reasons they were no parties to it; were not notified of the motion on which it was based; and are not even mentioned in the entry. *Edwards v. Smith,* 27 Pac. Rep. 809.

ELLISON, J.—Plaintiffs are subsequent, and defendants are prior, attachment creditors of a common debtor. Defendants' suits were regularly instituted, process was regularly issued and levied upon the attached property, as well as regularly served upon the (defendant) debtor. Before the term at which the writ was returnable, the debtor made a confession of

judgment, regular in all respects as provided by sections 2229 to 2231, Revised Statutes, 1889. *Judgment was entered on this confession* as provided by the latter section, reciting that it was upon "a statement in writing for confession of judgment." No reference was made, either in the confession or judgment, to the attachment suit or property, though they both bear a number corresponding to the number of the docket. Execution issued on this judgment, and was ordered satisfied out of the proceeds of the property which had been sold by order of the court.

This proceeding by the subsequent attaching creditors is, in effect, to postpone and nullify the attachment lien of the prior attaching creditors, and the question for our decision is, does the confession of judgment made and rendered as above shown have the effect of discharging the property from the prior attachments so as to let in the subsequent attachments? We think it does.

"The rights and priorities of attaching creditors, as between themselves, are matters of strict law. If the first attacher once loses his lien, the rights of the junior attachers intervene, and the lien of these attachments takes precedence." *Adler v. Anderson,* 42 Mo. App. 189. And this, without regard to the good or bad faith of the parties. *Adler v. Anderson, supra.* "The rule is that the plaintiff must be able to trace his execution lien through the usual course of judicial procedure to the original levy under the writ of attachment." The rendition of a judgment in due form and course of law, and the issuing of an execution on that judgment, and duly charging the property therewith, are as necessary as the attachment itself. Drake on Attachments, sec. 262. I have not found where the foregoing statements of the law have been controverted. It necessarily follows from the foregoing propositions, that the judgment

rendered must be founded upon, and be the result of, the original process of attachment. If the judgment taken is not such, then the acceptance of such other judgment must be considered as (in effect at least) an *abandonment* of the proceedings under the attachment writ. In the case at bar, the judgment taken is not founded on the original process. It is a formal judgment by confession. The confession is statutory in form, and the judgment entered is *based* on this. There is not even an indirect reference to a pending action of any sort. There is no reference to service of process or appearance of the debtor defendant. The court does not render the judgment upon the appearance of defendant, or by reason of service of process, but merely from "being satisfied that the said defendant executed the said statement in writing and made the affidavit required thereto." I am fully persuaded that the judgment rendered stands entirely apart from, and independent of, the process in the cause. It is contemplated that in a judgment by confession there will be no action instituted by original process, but I do not understand that a judgment by confession cannot be had merely because an action was pending for the same debt.

It is suggested that an offer of judgment under section 2191, Revised Statutes, 1889, after the institution of an action and an acceptance thereof followed by a judgment thereon even though before return day of the writ will not affect the lien of the first attachment. It was so held in *Boyd v. Furniture Co.*, 38 Mo. App. 210, and we fully coincide in that decision. But in that instance the judgment is founded upon the process issued, and could not be rendered without process first had. It is merely a mode authorized by statute of obtaining judgment on the original process and obviates proof of what is admitted by the offer. It is no

more, in effect, than if the admission was made by answer, or than if the defendant on trial had admitted his indebtedness.

The objection to plaintiffs' mode of attacking the proceeding cannot be allowed at this stage.

We will affirm the judgment. All concur.