THE STATE ex rel. BURNHAM, Appellant, v. HICKMAN et al.

### Division One, June 14, 1899.

1. **Appeals:** CONFLICT OF OPINIONS. Where a judge of a court of appeals deems an opinion therein rendered in conflict with former opinions rendered by the Supreme Court or by a court of appeals, it becomes the duty of this court to rehear and determine the cause, although the case would not otherwise fall within the jurisdiction of this court.

2. **Attachment:** JUDGMENTS: PRIORITIES: ORDER OF DISTRIBUTION: SUIT ON SHERIFF'S BOND. Where the attaching creditors have taken no steps to secure an order of distribution of the proceeds of the attachment in the hands of the sheriff, the status as to priority between them remains unchanged. And until such application is made and the order is made directing the sheriff how to distribute the fund and he has refused to obey it he can not be adjudged guilty of wrong for not paying the claim of any attaching creditor, and a suit on his bond for failure to distribute the fund is prematurely brought.

3. ———: ———: ———: THREE YEARS LIMITATION: LACHES. The three years statute of limitations for the lien of a judgment has no application to funds in the hands of the court in attachment suits. And where the fund comes into the custody of the court impressed with certain liens according to certain priorities, none of the attaching creditors can change the order of priority because of any laches by any other creditors in pressing the determination of their suits.

4. ———: ———: ———: LACK OF PARTIES. And where one creditor seeks to be placed ahead of prior creditors, he must make such prior creditors parties to the proceeding.

5. ———: PRIORITIES: SETTLED BY COURT. Contests as to the priorities of attachment creditors must be settled by the court and not by the sheriff.

*Transferred from Kansas City Court of Appeals.*

CIRCUIT COURT JUDGMENT AFFIRMED.

KARNES, HAGERMAN & KRAUTHOFF for appellants.

(1) The decree of December 3, 1890, to which Hickman was a defendant, directly and expressly adjudged that he "pay the judgment so obtained by the plaintiffs against said Blank as aforesaid, with interest thereon and costs of suit, out of the proceeds of the sale of said attached property in his hands, before paying any part thereof to said Schwartz and Samter." That judgment was final in form, and, on appeal, was duly affirmed. (49 Mo. App. 56.) Hickman now seeks to escape this judgment on the ground that long prior to its rendition he had paid Schwartz the amount of his judgment. We insist that if such a defense he had, it should have been interposed in that case, and that not having been so interposed, the judgment is conclusive against its assertion at this date. It must be remembered that that suit was brought before the payment to Schwartz and that the relief accorded by that judgment was specifically asked by the petition. The answer of Hickman to that suit did not plead the payment to Schwartz, nor the order of court to that effect. Railroad v. Levy, 17 Mo. App. 507; Laffoon v. Fretwell, 24 Mo. App. 263; Chouteau v. Gibson, 76 Mo. 46. (2) The order of July 23, 1888, was *res inter alios acta* as to these plaintiffs. They were not parties to it, nor can they be bound as privies. The several attaching creditors were not in privity with each other. A judgment or order in favor of one has no bearing on the rights of the other. Strauss v. Ayers, 87 Mo. 350; 1 Freeman, Judgs., sec. 167; 2 Van Fleet, Former Adjudication, sec. 503; State v. Hockaday, 132 Mo. 227; Huiskamp v. Moline Wagon Co., 121 U. S. 319. (3) Nor can Hickman escape on the theory that in paying Schwartz he was acting by authority of process "fair on its face." The money he thus disbursed to Schwartz belonged to these plaintiffs, who were in no wise parties to or bound by the alleged process. Alderson on Judicial Writs and Process, sec. 171; Mech. Pub. Off., secs. 780, 781 and

782; State v. Rucker, 19 Mo. App. 591; Clark v. Laird, 60 Mo. App. 294. (4) The suggestions that some of the attorneys representing Burnham, Hanna, Munger & Company had information (derived from an examination of the court dockets) that a motion had been filed by Schwartz, in Schwartz v. Samter, for an order on the sheriff, is wholly without force. Wilson v. Railroad, 108 Mo. 597; Pennoyer v. Neff, 95 U. S. 714; Harkness v. Hyde, 98 U. S. 479; Railroad v. Pinkney, 149 U. S. 209; Goldey v. Morning News, 156 U. S. 526; Railroad v. Brow, 164 U. S. 271. (5) As a last resort, the defendants, admitting that Hickman's payment to Schwartz was wrongful as to these plaintiffs, seek to escape liability herein, by asserting that it was also wrongful as to certain other attaching creditors who are entitled to priority over these plaintiffs. Ins. Co. v. Smith, 67 Fed. 694; Sanford v. Pond, 37 Conn. 595; George v. Williamson, 26 Mo. 193; Jackman v. Robinson, 64 Mo. 292; Pullis v. Robison, 73 Mo. 212; 2 Freeman on Judgts., sec. 374.

LATHROP, MORROW, FOX & MOORE for respondents.

(1) An officer, in the execution of process, in the service of a writ, or when acting in obedience to a mandate from a court having jurisdiction of the subject-matter, is entitled to absolute protection, if the process writ or mandate is fair upon its face, even though he may have actual knowledge of facts which would invalidate them. Wall v. Trumbull, 16 Mich. 228; Bird v. Perkins, 33 Mich. 28; Foster v. Wiley, 27 Mich. 244; Leonard v. Dillon, 76 Pa. St. 44; Rice v. Miller, 70 Tex. 613; Wilmarth v. Burt, 7 Met. 257; O'Shaughnessy v. Baxter, 121 Mass. 515. (2) The decree in Burnham v. Blank, can not be so construed as to affect the money paid by defendant Hickman to Schwartz. At the time of its rendition, the Schwartz judgment had been paid. The decree does not relate back to the time of the commencement of the action. It does not direct the sheriff to pay relators' judgment "from the

proceeds of the property in his hands at the time of the commencement of the action." (3) The attachment liens of W. B. Grimes Dry Goods Company, S. J. Gallagher and L. Feder, are not extinguished by lapse of time and are prior to any claim of the relators. The attachment lien did not merge in the judgment, but it continues to exist until the time has elapsed for the issue of execution, which, under the statute, would be ten years. Wade on Attachment, sec. 178; Enos v. Brown, 1 D. Chipman 280; Ayer v. Jameson, 9 Vt. 363; Stockpole v. Hilton, 121 Mass. 449; Wallace v. Bogel, 66 Tex. 572.

MARSHALL, J.—Action on a sheriff's bond.

## I.

This case was transferred to this court by the Kansas City Court of Appeals on account of one of the judges of that court deeming the opinion rendered therein by that court, in conflict with the cases of State ex rel. Carroll v. Devitt, 107 Mo. 573; Milburn v. Gilman, 11 Mo. 64; Melcher v. Scruggs, 72 Mo. 406, and Howard v. Clark, 43 Mo. 344, decided by this court, and State ex rel. Bender v. Spencer, 30 Mo. App. 407, decided by the Kansas City Court of Appeals. Under section 6 of the Amendment of 1884 to Article VI of the Constitution this court is required to "rehear and determine" this case, "as in case of jurisdiction obtained by ordinary appellate process," notwithstanding the case would not otherwise fall within the jurisdiction of this court. The purpose of this provision was to insure uniformity of decision between the courts of appeals and this court, and between the courts of appeals between themselves.

## II.

Briefly stated the facts disclosed by this record are these: On the 24th of October, 1887, nine creditors sued out attach-

ments against their common debtor Max Blank, and secured priorities as follows: 1. Isadore Schwartz, $2,200; 2. Mary Samter, $508; 3. Barton Bros., $742.12; 4. J. L. Levin, $728.15; 5. O. Kriesman, $410.12; 6. W. B. Grimes Dry Goods Co., $1,496.02; 7. Gallagher et al., $220; 8. L. Feder, $750; 9. Burnham, Hanna, Munger Co. (relators herein), $728.82. Under these attachment writs the sheriff, Hickman, levied on the debtor's stock of merchandise and under order of court sold the same, on November 29, 1887, realizing therefor, $5,333. Before the return day of the writs, to wit, on December 5th, 1887, the debtor, Blank, confessed judgment in favor of Schwartz and also in favor of Samter in the amount of their claims. No further proceedings were taken by these two creditors towards sustaining their attachments. The other attaching creditors reduced their claims to judgment. On the 10th of March, 1888, Schwartz moved the court for an order on the sheriff to pay his judgment out of the proceeds of the sale of the attached property. While this motion was pending, to wit, on June 20th, 1888, the relators, whose attachment lien was last in order of priority instituted a suit in equity against Blank, Schwartz, Samter and the sheriff, seeking to be substituted in order of priority to Schwartz and Samter. The sheriff was served in this case on July 17th, 1888. On the 23d of July, 1888, the circuit court ordered the sheriff to pay Schwartz the amount of his judgment, which the sheriff did. The sheriff did not set up in his answer in the suit in equity that he had paid the money to Schwartz under the order of July 23d, 1888, and the court on the 3d of December, 1890, found for the plaintiffs and ordered the liens of Schwartz and Samter, postponed to that of the plaintiffs. The case was appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was affirmed [Burnham, etc., v. Blank, 49 Mo. App. 56], the decision being put on the ground that the acceptance of the judgments by confession was an abandonment of the attachments

and consequently a loss of their priority of lien by Schwartz and Samter. In the meantime, on August 6th, 1888, Samter had moved the circuit court for an order on the sheriff to pay her judgment out of the proceeds of the attachment sale, but the court refused so to order. In the meantime also, on December 17th, 1887, the Grimes Dry Goods Co., whose attachment was 6th in order of priority, had instituted a suit in equity against Blank, Schwartz, Samter and the sheriff, asking to have its lien given priority over the claims of Schwartz and Samter, but the circuit court refused to so order and the Grimes Dry Goods Co. did not appeal. But on March 3d, 1888, which was before relator's suit in equity was begun, the circuit court ordered the sheriff to pay the judgment of Barton Bros. and of Levin, and the sheriff did so. In the meantime also the sheriff had paid the Kriesman judgment, without any order of court. Burnham, Hanna, Munger & Co., upon the sheriff refusing to pay their judgment, then began this action against the sheriff and the sureties on his bond. In their answer the defendants set up the payment of the Schwartz judgment, the Barton and Levin judgments under order of court, and the Kriesman judgment, and alleged that after deducting these judgments and the costs, it left only $253.94 in the sheriff's hands. They also pleaded that the judgments of the Grimes Dry Goods Co., Gallagher and Feder had not been paid and that they were not parties to the equity suit and their rights were not affected by the judgment in that case, and that their liens were entitled to priority over relators. The circuit court rendered judgment for the defendants. The relator appealed to the Kansas City Court of Appeals where the judgment of the circuit court was reversed and judgment entered for the relators, upon the ground that the sheriff having failed to notify the court of the pendency of the equity suit, was not protected in the payment of the Schwartz judgment by the order of the circuit court, and that the other attaching creditors who held prior liens to relators, had lost

their liens and priorities by non-action after they obtained their judgments.    The case was then transferred to this court for the reasons herein stated.

No question is raised by relators as to the propriety of the payment of the judgments of Barton Brothers and Levin, so they will be eliminated.

We will not consider whether the decision of the Kansas City Court of Appeals in the equity case was correct or not. That court had final jurisdiction in that case, and the judgment is binding upon all parties to that action.    That judgment however affected only the parties to that action, who were Blank, Schwartz, Samter and the sheriff.    It had no effect whatever upon the rights or priorities of any of the other attaching creditors.    That judgment decided and decided only, that the claims of Schwartz and Samter should be post- . poned to the claim of relators.    It did not attempt to adjust the priorities between relators and the other six attaching creditors whose attachments were prior to relators'.    Thus far the sheriff is concluded by that judgment.    Neither he nor his sureties can now or hereafter be heard to say that Schwartz and Samter have a priority over relators.

The Kansas City Court of Appeals held that the liens of the attaching creditors which were prior to relators' have been lost by their non-action and under sec. 6012, R. S. 1889, which limits the lien of judgments to three years, and that relators are entitled to priority over them all as a reward for their diligence.    It is undoubtedly the law that where liens are equal a court of equity will reward diligence.    [Bruce v. Vogel, 38 Mo. 105; Story, Eq. Jur. (12 Ed.), sec. 64.]    But here the liens are not equal.    Originally the relators' lien was the last in order of priority.    Under the decision in the equity case the liens of Schwartz and Samter have been postponed to that of the relators, but that of relators has not been given priority over the other attaching creditors.    Relators should be rewarded  for their diligence to the extent of being paid

before Schwartz and Samter.    But the status as to priority be-
tween relators and the other attaching creditors remains un-
changed.    The fund has, all the time, been *in custodia legis*.
The other attaching creditors (except Barton and Levin) have
taken no steps to secure an order of distribution of the fund,
and the relators have not done so—they are all in the same
attitude before the court.    The three years statute of limita-
tions for the lien of a judgment provided by sec. 6012, R. S.
1889, has no application whatever to funds in the hands of
the court.    The lien referred to in that section of the statute
refers to a lien on real estate, which the plaintiff allows to
lapse by not suing out an execution on the judgment or
reviving the judgment within three years.    Here the fund was
in court.    No execution could be issued.    The *res* was in the
custody of the court, through its officer, the sheriff.    It was
awaiting an order of distribution by the court.    There is no
statute of limitations which bars or cuts out the rights of any
litigant because a court fails to order the distribution of
money in the registry of the court within any specified time,
or because the litigant fails to apply, within any definite time,
to the court for such an order.    The fund came into the
custody of the court impressed with certain liens according
to certain priorities.    None of the litigants could change the
priority because of any laches by any of the other litigants in
pressing the determination of their suits.    That is a matter
wholly in the power of the court to expedite or allow to
drag, and no laches can be imputed to an act which could not
be done except by permission or tolerance of the court.

But the Kansas City Court of Appeals erred in holding
that these prior creditors had lost their liens, for another
reason.    The prior creditors are not parties to this action, and
their rights can not be adjudicated in this proceeding.    The
answer set up the existence of these prior liens, and while they
exist it is a sufficient answer for the sheriff to make to relator's
demand for the fund.    No judgment that the court has the

power to enter in this case could strike down the rights of those attaching creditors, for they are not parties to this suit, and hence have never had a day in court, and are therefore protected by the Constitution of the United States. If relators have acquired a priority over these prior creditors as a reward for their diligence, they should apply to the circuit court under section 570, R. S. 1889, and have their priority settled, or should proceed in equity against these prior attaching creditors and have the claimed priority established in a proper and binding way. They have done neither. It is altogether a mistake to suppose that the decision in the equity case settled the rights of these relators to demand this fund from the sheriff. As herein shown that decision settled the priority between these relators and Schwartz and Samter. Nothing more. It does not appear from the record that the relators or any one else have ever applied to the circuit court for an order of distribution of the proceeds of the attachment sale. Until such an order is made the sheriff can not be adjudged guilty of wrong for not paying the relators' claim. This action is manifestly prematurely begun, for the money is in the sheriff's hands as representing the court, and until the court makes an order on the sheriff to pay it, and the sheriff fails to obey the order, there will be no breach of his bond and hence neither he nor his sureties can be held liable until this condition appears. It is the very purpose of sec. 570, R. S. 1889, that in attachment cases where there is a contest of priorities that question shall be settled by the court, and not by the sheriff who is a mere ministerial officer. [Bank of Clinton v. Brenneisen, 97 Mo. 145. See, also, Claflin v. Sylvester, 99 Mo. 276.]

This case is here on a certificate of judgment, as authorized by section 2253. There is no abstract of the record filed. The statements filed do not set out the petition, either in full or in substance. Hence we are not informed what breaches of the bond were assigned. But none of the state-

Wonderly v. Lafayette Co.

ments show that there has been an order of distribution by the court which the sheriff has failed to obey, nor that the priorities between any of the attaching creditors have been settled, except as between relators and Schwartz and Samter. Upon this showing therefore the claims of the other six attaching creditors would *prima facie* be entitled to payment before that of the relators, and as hereinbefore pointed out they have been guilty of no more laches than relators have, so far as applying for an order of distribution or of reviving their liens (if such was necessary when the funds are in court, and we think it was not) is concerned, and as before shown these questions are not open to adjudication in this proceeding where the other cred·itors are not parties.

It follows therefore that the Kansas City Court of Appeals erred in reversing the judgment of the circuit court and in entering judgment against the defendants, and that the judgment of the circuit court was right.

The judgment of the Kansas City Court of Appeals is reversed and the judgment of the circuit court affirmed.

All concur.