TURNER, Plaintiff in Error, v. FRANKLIN, Defendant in Error.

1. If a rate-bill and warrant issued by a board of school trustees under the twelfth subdivision of the fourth section of the fifth article of the act providing for the organization of schools (R. C. 1855, p. 1437) be regular and valid upon its face, the constable will be protected in executing it; he is not obliged to examine into the validity of those acts of the board of trustees upon the basis of which the warrant and rate-bill are issued.

*Error to Miller Circuit Court.*

This was an action originally commenced before a justice of the peace to recover damages for a wrongful levy upon and sale of a horse. The defendant justified the alleged trespass, setting up that he made the levy and sale under and by virtue of a warrant and rate-bill issued by a board of

19—VOL. XXIX.

school trustees. The plaintiff offered to show that by agreement the property of certain persons was not taxed; that they voted for the levy of the tax. This was excluded. Plaintiff also offered to prove that notice of the meeting was not given as required by law; that a majority of the qualified voters in the district did not vote to levy the tax. This also was excluded. There was evidence tending to show that the defendant made a demand as constable of the tax levied against plaintiff.

The following instruction asked by the plaintiff was refused: "If the defendant only exhibited his rate-bill and did not demand the tax of the plaintiff, defendant could not lawfully sell said property under said rate-bill; and in the absence of such demand the jury will find for the plaintiff the value of his said mare."

The court, at the instance of the defendant, gave the following instruction: "If the jury find from the evidence that the defendant sold plaintiff's mare under and by virtue of the rate-bill read in evidence, and that before such levy and sale he demanded of the plaintiff the amount assessed against him, and plaintiff refused to pay the same, the jury will find for the defendant."

The plaintiff took a non-suit, with leave, &c.

*Parsons & Ewing,* for plaintiff in error.

I. The court erred in admitting the rate-bill and record of the trustees as evidence of the statements contained in them. The rate-bill was no legal authority like an execution. The law must be strictly complied with that authorizes the issuing of the rate-bill. The assessment and consequently the rate-bill is absolutely void, the law not having been complied with. The constable, the law not having been complied with, is liable as a trespasser. (Sayre v. Tompkins, 23 Mo. 445; Atchison v. Amick, 25 Mo. 407; R. C. 1855, p. 1436, § 4.) The court should have admitted the testimony offered by plaintiff tending to show that the law had not been complied with, and have granted the instruction asked. A pre-

sentation of the rate-bill is not sufficient. (25 Mo. 407.) The court erred in giving the instruction asked. The rate-bill is not conclusive evidence of the statements in it, nor that the law has been complied with. No sufficient demand was proved.

NAPTON, Judge, delivered the opinion of the court.

The fourth section of the fifth article of the act regulating common schools, among other duties and powers entrusted to the trustees of a school district, requires them " to make out a rate-bill, containing the name of each person patronizing such school, and not exempted [from rate-bill,] and the amount for which such person is liable, adding thereto five cents on each dollar for collector's fees, and to annex thereto a warrant .for the collection thereof, directed to the constable of the township, whose duty it shall be to receive and collect the same." The eighth section of the seventh article makes it the duty of the constable " to collect the amount, due on these rate-bills or warrants, from the persons against whom such warrants or rate-bills have been issued ; and upon failure on the part of such persons to pay the amount so due, to levy upon the personal property of the person so failing or refusing to pay the amount so due, and the said constable shall proceed to sell the same," &c. (R. C. 1855, p. 1441.) The ninth section of the same article makes the constable and his securities liable, for any failure to execute or return these rate-bills, to the same extent and in the same manner " as though such warrant were an execution issued by a justice of the peace."

So far as the constables are concerned under this school law, their responsibility in reference to rate-bills or warrants is declared by the act to be precisely the same as the law already had fixed it in reference to executions issuing from justices' courts ; and it would seem to be a natural consequence of this responsibility that the writ should protect them in their obedience to its mandates. There can be no question as to the executions, where they are valid on their

face. The officer has no right to look into the record of the suit or examine the validity of the judgment; his duty is simple obedience to the mandates of the writ, and if the writ on its face shows the jurisdiction of the court from which it is issued, the officer is protected in executing it.

We do not perceive, then, any thing to distinguish this case from one where the officer is sued for acting under an ordinary execution. It is not pretended that the legislature lack the power to declare a rate-bill or warrant to have the effect of an ordinary execution, and they have done so, except that the constable is not authorized to levy upon the property of the delinquent until a demand has been made of him for the amount and he has refused or failed to pay.

As to the demand and refusal in this case, there was ample evidence, and the question was left to the jury.

In relation to the testimony offered by the plaintiff which proposed to show that some of the preliminary steps required of the board of trustees had been neglected, we are unable to see its relevancy. If the suit was against the trustees, there might be some propriety in holding them responsible for any failure of theirs in complying with every material provision of the statute; but it would appear very unjust to visit their negligence upon the constable, whose business it is made to collect the warrant, and who has no means of ascertaining whether the trustees have, in all respects, done their duty or not.

Judgment affirmed; the other judges concur.