Thomas Peery, Appellant, v. Thomas Gill *et al.*,
Respondent.

Kansas City Court of Appeals, May 20, 1889.

**Officer:** ORDER OF COUNTY COURT PROTECTS ROAD OVERSEER, WHEN.
When an order of the county directing a road overseer to open a
new road is regular in form, it will protect the overseer in its exe-
cution, notwithstanding the irregularity of the proceedings or
judgment on which it was issued. The court had jurisdiction of
the subject-matter, and its process will protect the officer unless
the failure to acquire jurisdiction of the person appears upon the
process in his hands.

*Appeal from the St. Clair Circuit Court.*—Hon. D. P.
Stratton, Judge.

Affirmed.

*W. O. Mead* and *G. A. Neal*, for the appellant.

(1) The paper offered in evidence by the defend-
ants, and under which they seek to justify their action
in tearing down the fence, is neither an order of the
county court or any process whatever, and could not
protect them from the consequences of their trespass in
tearing down plaintiff's fence. (2) The court erred in
refusing declarations of law asked by plaintiff num-
bered 1, 2, 3, 4, 5 and 6. (3) The court erred in giving
declarations of law asked by the defendants. (4) The
court erred in giving declarations of law upon its own
motion.

No brief for respondent.

Gill, J.—Plaintiff sued defendants in trespass for
having unlawfully entered upon his land and moved his
fencing, etc.

The defense was interposed in the circuit court, that said fence was moved by defendant Gill and his co-defendants in execution of an order of the county court of St. Clair county, by which order he, as road overseer in that district, was directed to open a road theretofore by said court established.

The defendants, at the trial in the circuit court, introduced the records and county court proceedings concerning the establishing such road, and along with such records and papers introduced the order for opening such road, under which the overseer acted.

Numerous objections were made at the trial as to the regularity of these proceedings, and though the court admitted the same in evidence, yet at the close of all the testimony, instructed the jury as follows :

"The court declares the law to be that from the evidence in the case the proceedings in the county court were not sufficient to establish the road in controversy, and are void, but that the order introduced in testimony, and under which the defendant acted, protected him from liability in this action."

Admitting then that the proceedings for establishing this road were irregular, and void (of which there seems little doubt), was this ministerial officer, this road overseer, protected in his action by the order from the county court? Since there is no evidence that he transcended the boundaries of this order we shall assume that he acted within the same.

With this order, emanating from the court having jurisdiction over the matter of opening and establishing roads in St. Clair county, was this overseer, whose duty it was to execute such orders, justified in proceeding under it, although the proceedings in the county court, back of such order, were illegal, irregular and void ? We think the order protected him, notwithstanding the irregularity or illegality of the proceedings or judgment

Peery v. Gill.

on which it was issued. The order was regular in form and came from a court having jurisdiction over the subject-matter. This being so, the officer to whom it was directed will be protected in its execution, even though the court may have failed to acquire jurisdiction over the person, by reason of faulty process or otherwise, provided such failure does not appear upon the process in his hands.

"He is not presumed to know of the regularity or legality of the judgment. If the court has power to render such a judgment, and nothing appears against its validity, it would be a great hardship to hold him responsible for the errors of the court." *Howard v. Clark*, 43 Mo. 344; *Brown v. Harris*, 52 Mo. 306; *Patzack v. Von Gerichten*, 10 Mo. App. 425; Freeman on Executions, sec. 101.

We think the trial court correctly declared the law in this case, and that the judgment was for the right party.

Judgment affirmed. The other judges concur.