Merchant v. Bothwell.

JAMES T. MERCHANT, Respondent, v. S. H. BOTHWELL et al., Appellants.

Kansas City Court of Appeals, January 14, 1895.

1. **Officer**: PROCESS: LIABILITY. Where process, fair upon its face, is put into the officer's hands for service, it is his duty to execute it according to its command and he incurs no liability for the proper service thereof, however disastrous may be the effects upon the defendant, or however unlawful may have been the proceedings which preceded it, and the same rule of protection applies whether the process issue from a court of general or inferior jurisdiction.

Merchant v. Bothwell.

2. ——: ——: POLICE COURT. A city marshal receiving for service a writ issued by the chairman of the board of aldermen in the alleged absence of the mayor, does not have to determine whether the ordinance under which the writ issued was regularly adopted or transcribed into the records, nor the exact whereabouts of the absent mayor.

3. **Municipal Corporations**; PRESIDENT OF BOARD: POLICE COURT: COLLATERAL ATTACK. The president of the board of aldermen of a city of the fourth class before assuming the duties of mayor, must first determine the fact of the absence of the mayor, and the correctness of such determination can not be disputed in a collateral proceeding.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

*Francisco Bros.*, for appellants.

(1) Copy of public record is admissible in evidence as the original. 13 Am. and Eng. Encyclopedia of Law, page 115; *Van Pelt v. Hutchison*, 114 Ill. 435; *Drake v. Kinsell*, 38 Mich. 232; *Bogart v. Green*, 8 Mo. 116; *State ex rel. v. Maloney*, 113 Mo, 367; *Town of Tipton v. Norman*, 72 Mo. 381. (2) The existence of a city ordinance is a question for the court and not the jury. 19 Am. and Eng. Encyclopedia of Law, p. 634; *Roulo v. Val Cour*, 58 N. H. 347; *Peoria v. Calhoun*, 29 Ill. 317; *Hall v. Costello*, 48 N. H. 173; *State ex rel. v. Maloney, supra*. (3) An instruction which leaves it to the jury to determine the question of jurisdiction is error. *Dean v. Grimes*, 72 Cal. 442; reported 14 Pac. Rep. 178. (4) If the court has jurisdiction of the subject-matter the officer is not liable for serving process. *Milburn v. Gilman*, 11 Mo. 65; *State to use v. Duelle*, 48 Mo. 282; *Turner v. Franklin*, 29 Mo. 285; *Glasgow v. Rowse*, 43 Mo. 479; *Erskine v. Hornback*, 14 Wall, 613. (5) The execution is sufficient justification to the officer.

*Davis v. Cooper*, 6 Mo. 148; *Miller v. Brown*, 3 Mo. 127; *Hickman v. Griffin*, 6 Mo. 37; *Higdon v. Conway*, 12 Mo. 295; *Erskine v. Hornback*, 14 Wallace, 613. (6) If the failure of the court to have jurisdiction does not appear on the face of the writ, the officer is protected. *Kirkland v. Ferguson*, 13 Mo. 166; *Howard v. Clark*, 43 Mo. 344; *Mayor to use v. Opel*, 49 Mo. 190; *Watson v. Watson*, 9 Conn. 140. (7) The writ is fair on its face when it proceeds from a court or magistrate or body having authority of law to issue process of that nature which is legal in form and on its face contains nothing to notify the officer that it is issued without authority. Cooley on Taxation, pp. 559 and 562; *Parsons v. Lloyd*, 3 Wils. 341; *Ives v. Lucas*, 1 C. and P, 7; *Erskine v. Hornback*, 16 Wall, 613; *Lott v. Hubbard*, 44 Ala. 593; *Turner v. Franklin*, 29 Mo. 285; *Glasgow v. Rowse*, 43 Mo. 479; *Building Ass'n v. Lighter*, 47 Mo. 393; *Walden v. Dudley*, 49 Mo. 419; *State to use v. Duelle, supra*; *Brown v. Henderson*, 1 Mo. 135; *Milburn v. Gilman*, 11 Mo. 64; *Savacool v. Boughton*, 5 Wendell, 170; *Barr v. Boyles*, 96 Pa. St. 31; *Resslear v. Peats*, 86 Ill. 275; *Hill v. Wait*, 5 Vt. 124. (8) The distinction between courts of general and limited jurisdiction does not exist, so far as personal protection to the officer is concerned. Cooley on Torts [2 Ed.], p. 543, sec. 464; *Savacool v. Boughton, supra*; *Resslear v. Peats, supra*; *Barr v. Boyles, supra*; *Cunningham v. Michel*, 67 Pa. St. 78. (9) Where the jurisdiction of an inferior court depends upon a fact which it is required to ascertain and settle, its decision thereon is conclusive as against a collateral attack. *Lingo v. Burford*, 112 Mo. 149; *State v. Gamble*, 108 Mo. 500; *Green v. Walker*, 99 Mo. 68; *State v. Macklin*, 51 Mo. 249. (10) Jurisdiction is not the particular thing decided but the authority to decide the question at all. *Gray v. Bowles*, 74 Mo. 419; *Babb v.*

*Bernard,* 23 Mo. App. 604. (11) Jurisdiction is a question for the court to determine and not the jury. *Shamburg v. State,* 24 Tex. App. 433; 6 S. W. Rep. 540.

*Graves & Clark* and *Jno. D. Parkinson* for respondent.

(1) Under the statute two ways are provided,— *first,* by introducing a printed copy published by authority; *second,* by manuscript or printed copy, certified to by officer having same in charge, with seal of city annexed. R. S. 1889, sec. 4846. (2) Under the common law there were two ways of proving the same, and only two, says Greenleaf, *first,* by examined copy; *second,* by exemplified copy. Greenleaf on Evidence, [13 Ed.], secs. 480, 500 and 501. (3) The court in effect declared from the record evidence that there was such an ordinance as number 7, but left the jury to find the contents thereof from the evidence. Again, the defendants tried the case upon this theory; introduced the evidence upon this theory. Having led the court into their error and tried the case upon this theory, they can not now complain. (4) There is no question of jurisdiction submitted to the jury in the court's instruction, and, for that reason, appellant's point 3 is a useless ornament to their brief. (5) Answering the fourth point, we would suggest that, if there was a court, and the court had jurisdiction of the subject-matter, the officer might not be liable, but the officer must know at his peril that the writ comes from a court. If John Jones who is not a justice of the peace, issues a warrant for the arrest of a man and the officer does arrest him, the officer is not justified. He must know that his writ emanates from a court. What is said as to point 4 applies with equal force to their point 5. *Rafferty v.*

*People*, 69 Ill. 111; *Pierce v. Hubbard*, 10 Johns. (N. Y.) 405; *People v. Smith*, 20 Johns. (N. Y.) 63. (6) There is a failure in the face of the writ to show any jurisdiction in Bothwell. The writ shows that "on this day (August 7th) information was given to J. Fisher, mayor," and although the information was given to the mayor, who must have been there at the time Bothwell signs the warrant. If the mayor was there to receive the information, Bothwell could not issue warrant. Again, if the information was given to the mayor, Bothwell had no information upon which to act; then, for two reasons, apparent upon its face, the writ was void. (7) The law or ordinance under which the process is issued is a part of the process, and, if the ordinance is void, the process offered no protection to the officer. *Fisher v. McGuire*, 1 Gray (Mon.), 1; *Ely v. Thomson*, 3 A. K. Marsh (Ky.), 70; *Milligan v. Hovey*, 3 Biss. (U. S.) 13. This ordinance is void upon its face. (8) The warrant recites that Kamm, the marshal, gave information, to Fisher, the mayor. From this he knew Fisher was in town. Knowing this, the law compels him to know that Bothwell could not issue the warrant. If he had knowledge of this defect, then he is not protected. *Bird v. Perkins*, 33 Mich. 28; *Gott v. Mitchell*, 7 Blacks. 270; *Grace v. Mitchell*, 31 Wis. 533; *Sprague v. Birchard*, 31 Wis. 457; *Leachman v. Dougherty*, 81 Ills. 324; *Guyer v. Andrews*, 11 Ills. 494. The court presided over by the president of a board of aldermen is an inferior court. 12 Am. and Eng. Encyclopedia of Law, p. 268 and cases cited. There are no presumptions in favor of the jurisdiction of such an officer or such a court, but all facts necessary to show the jurisdiction must appear of record. 12 Am. and Eng. Encyclopedia of Law, p. 274 and cases cited. In this case it is necessary for the mayor to be absent before Bothwell had any jurisdiction. This

jurisdictional fact should be determined by the court and appear of record. It does not so appear. The writ fails to recite any fact showing that Bothwell was empowered to act, and for that reason is void. (9) If the mayor was in town at the time, Bothwell's court was an illegally constituted court and its every act was void. *Rose v. Hinely*, 4 Crouch (U. S.), 241, 268, 269.

GILL, J.—Under the charter of Rockville, a city of the fourth class, the board of aldermen were authorized to levy and collect a license tax for the conduct of a meat market. Although there appears some claim to the contrary, it is conclusively shown by this record that at the time of the plaintiff's arrest, and for years prior thereto, there existed an ordinance prohibiting the running of a meat market in said town without a license; and it is equally clear that the plaintiff was pursuing that business in entire disregard of this ordinance.

There was no police judge in said town of Rockville; and as provided by its charter, the mayor had jurisdiction to issue warrants and to hear and determine cases for the violation of city ordinances. In the absence of the mayor the statute devolved this duty on the president of the board of aldermen. R. S. 1889, secs. 1582 and 1617.

On the seventh day of August, 1893, plaintiff Merchant was arrested by defendant Camm, town marshal of Rockville, on the charge of conducting a meat market without first procuring a city license therefor as required by ordinance. The warrant was issued by defendant Bothwell, president of the board of aldermen, in the alleged absence of defendant Fisher, the mayor; but when brought into court the mayor was present. The plaintiff, when so arraigned, stated that he was not ready for trial, but refused to

give bond for his subsequent appearance, and the marshal thereupon incarcerated him in the calaboose, where he was held until the next day. The prosecution was subsequently dismissed.

The petition charges the arrest and imprisonment to have been without legal warrant or authority, and that the same was brought about in the execution of a conspiracy between Marshal Camm, Mayor Fisher, Bothwell, president of the board of aldermen, and the other defendants, who were members of said board. This alleged conspiracy was denied, and the defendants in addition justified the arrest under the warrant issued by Bothwell, the president of the board. At the conclusion of the testimony the court decided that no case was made as to defendants Ferguson, Doyle and Hartman, and in obedience to instructions, the jury returned a verdict in their favor. But, under other instructions relating to the issues in the case, there was a verdict and judgment against defendants Bothwell, Camm, Fisher and Field in the sum of $500, and they have appealed.

I. The disposition of this appeal turns upon the propriety of the following instruction given by the trial court of its own motion: "If you believe from the evidence that the document in evidence, designated as ordinance number 7 is a copy of a document destroyed by fire, and that the defendant Camm, when he arrested and imprisoned the plaintiff, was acting under the warrant offered in evidence, and that when said warrant was issued by defendant Bothwell, the mayor, defendant Fisher, was not in the city of Rockville, and that defendant Camm, at the time he arrested plaintiff, informed him of the warrant or read it to him, you will find for all the defendants. But, if you fail to find any of the above facts from the evidence, then the arrest and imprisonment of plaintiff was illegal and you will find against defendant Camm,

and any of the defendants, Field, Bothwell or Fisher that you may believe from the evidence advised or directed such arrest or imprisonment. Provided, you believe from the evidence, that said Bothwell or Fisher was not when so directing or advising, acting officially as mayor or president of the board of aldermen of said city in passing upon some part of a charge against plaintiff for an offense against said city."

It will be observed that this instruction treats Camm, the marshal, as the principal offender, and Fisher, Bothwell and Field, accessories. Under certain conditions, then, the jury were told to find Camm guilty of an unlawful arrest and responsible to plaintiff for a false imprisonment; and, if the other defendants advised or directed such arrest, then they too were liable. If the instruction was erroneous as to Camm, the alleged principal, it was likewise faulty as to defendants Fisher, Bothwell and Field.

If we now recall the principles of law applicable to cases of this nature, the errors embodied in the foregoing instruction are manifest. Defendant Camm was a mere ministerial officer, clothed with the duties of serving process as it came from the mayor's office. His duties were ministerial, not judicial. His province was to execute the process regularly delivered to him for service, and not to sit in judgment on the regularity of the proceedings upon which it was obtained. "Where process, fair upon its face, is put into the officer's hands for service, it is his duty to proceed to execute it according to its command. Out of this duty arises the necessity of protection, and the rule is well settled that for the proper service of such process the officer incurs no liability, however disastrous may be the effects upon the defendant, or however unlawful may have been the proceedings which preceded it. Mechem's Public Officers, secs. 745, 768. Judge Cooley,

in his valuable work on Torts, page 460, uses this language: "The process that shall protect an officer must be *fair on its face*. By this is not meant that it shall appear to be perfectly regular and in all respects in accord with proper practice, and after the most approved form; but what is intended is that it shall apparently be process lawfully issued and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate or body having authority of law to issue process of that nature, and which is legal in form and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it."

The same rule of protection to the officer applies, whether the process issue from a court of general or inferior jurisdiction. Cooley on Torts, 464; *Savacool v. Boughton*, 5 Wend. 170. In *Watson v. Watson* (9 Conn. 140), a leading and well considered case, the court says: "Obedience to all precepts committed to him, to be served, is the first, second and third part of his duty; and hence if they issue from competent authority, and with legal regularity, and so appear on their face, he is justified for every action of his, within the scope of their command. 'It is incomprehensible,' said Lord Kenyon, 'to say that a person shall be considered a trespasser who acts under the process of the court.'"

So in *Peery v. Gill* (36 Mo. App. 685), we decided, that, when an order of the county court directing a road overseer to open a new road is regular in form, it will protect the overseer in its execution notwithstanding the irregularity of the proceedings of judg-

ment on which it was issued.    The court had jurisdiction
of the subject-matter, and its process will protect the
officer unless the failure to acquire jurisdiction of the
person appears on the face of the process, in his hands.
See cases cited in opinion at page 687.    Also *Turner v.
Franklin*, 29 Mo. 285; *Barr v. Boyles*, 96 Pa. St.
31–36; *Marks v. Sullivan*, 33 Pac. Rep. 224.

Now, in the light of these well settled principles,
the lower court very clearly misdirected the jury.
There was evidence at the trial relating to the destruc-
tion by fire of the original manuscript ordinance which
required a license tax to be paid by those following the
meat market business in Rockville, still the testimony
was abundant, if not conclusive, that the ordinance
had been registered and preserved by the city clerk and
it was introduced at the trial.    There was also some
evidence that when the president of the board of alder-
men assumed to issue the warrant for the arrest of the
plaintiff Merchant, the mayor was, at the time, within
the town limits, though the testimony of the best
informed witnesses tended to show the contrary and
that the mayor was at the time fishing at a lake outside
such limits.

However this may be, the circuit court, by the
foregoing instruction, told the jury, that the warrant
delivered to marshal Camm—though regular on its
face and emanating from a court having jurisdiction
over the subject-matter—was no justification to the
officer, *unless* the ordinance (for the violation of which
the warrant was issued) had been correctly copied into
the city records and unless the mayor was at the time
out of the city.    This rule, if established, would impose
it on a ministerial officer required to serve process,
first at his peril to advise himself as to whether or not
the law or ordinance had been regularly adopted and
correctly transcribed into the proper records.    And

more than this where the law authorized one officer to act in a judicial capacity in the absence of another, such rule would require the ministerial officer at his peril to determine the exact whereabouts of the alleged absentee. The fact that the mayor was not present at the business office and that his legal substitute was there in good faith performing the duties, with the understanding that the mayor was absent from the city, would be no protection to the marshal, serving process, if it should in fact subsequently appear that the mayor was not absent. The absurdity of this position is its own refutation.

Again, it was the duty of Bothwell the president of the board of aldermen, before assuming the duties of mayor, first to determine the fact upon which his jurisdiction attached, to wit, the absence of the mayor, Fisher. And, having so determined, its correctness can not be disputed in this collateral action. "It is a well settled principle, that when the jurisdiction of an inferior court depends upon a fact which said court is required to ascertain and settle by its decision, its decision is conclusive as against a collateral attack." *Lingo v. Burford*, 112 Mo. 155.

Judgment reversed and the cause remanded. All concur.