REBECCA E. PEED *et vir.*, Respondents, v. JOHN BARKER, Appellant.

### Kansas City Court of Appeals, April 1, 1895.

1. **Roads and Highways:** NOTICE OF OPENING NEW ROAD. The mere posting up of the householder's petition for the opening of a new road is not sufficient notice, since the statute requires a copy of the petition and notice stating when the petition will be presented to the township board, etc.

2. ————: EFFORT TO SETTLE. A record opening a new road, which fails to show that any effort was made to agree with the landowner, as to his damages, or that the damages were assessed or paid is fatally defective.

3. **Officers:** ROAD OVERSEER: PROCESS. Where the judgment or order directing the opening of a road is insufficient, it will not protect the road overseer in an action of trespass for tearing down the landowner's fences. *Rousey v. Wood*, 47 Mo. App. 465, *distinguished.*

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Joshua F. Hicklin* and *Ed E. Yates* for appellant.

Appellant contends that the record of this road, with the aid of presumptions which legally come to its support, is sufficient, even in case of a direct attack, but, when collaterally assailed, as in this case, there can be no question of its sufficiency. However, if it should turn out that the road is irregular from beginning to end—even void, the township board having jurisdic-

tion of roads, the appellant is safe. *Perry v. Gill*, 36 Mo. App. 685, and authorities there cited, and *Crenshaw v. Snyder*, 117 Mo. 167.

*Alexander & Richardson* for respondents.

(1) The proceedings of township board to condemn private property for public use for a public road, are *in invitum*, in derogation of common law, *strictissimi juris*, and can receive no help from intendments, but any matter necessary to confer jurisdiction must appear on the face of the proceedings. *Railroad v. Young*, 96 Mo. 39; *Hopkins v. Railroad*, 79 Mo. 98; *Rousey v. Wood*, 47 Mo. App. 465; s. c., 57 Mo. App. 650. (2) Before the overseer can justify himself, he must at least show that he was acting under an order of the township board, that the order was sufficient in form, and that the township board had jurisdiction of the subject-matter. *Rousey v. Wood, supra; Zimmerman v. Snowden*, 88 Mo. 218; *Railroad v. Lewright*, 113 Mo. 660; *Cory v. Railroad*, 100 Mo. 282; *Railroad v. Young, supra.*

GILL, J.—Plaintiff as owner of certain farm lands sued the defendant in trespass, under section 8676, Revised Statutes, 1889, for having entered upon her premises and torn down the fences and gates. The defendant admitted the entry as charged, but sought to justify the act by reason of his being road overseer and that, as such, he tore down the fences in opening a road in pursuance of the order of the township board. The township organization law, it is admitted, is in force in Daviess county, where the alleged trespass was committed. On the trial of the case before the court sitting as a jury, the defendant introduced the records of the township board showing various orders and pro-

ceedings relating to a new road to be opened through plaintiff's land. Thereupon, at the close of the evidence, defendant asked the court to declare as matter of law "that the orders and record of the board in this case, under which defendant acted in opening the road, protected him from liability in this action." The trial judge refused to so declare, and entered judgment for plaintiff, from which the defendant appealed.

It must be conceded that the alleged proceedings for establishing the road in controversy, as shown by the records of the township board introduced in evidence, were very defective and not such as to justify the taking of plaintiff's property and the tearing down of her fences. It is seldom that so many irregularities and substantial departures from statutory requirements are to be seen. For example, the notice called for by section 8548, to advise parties concerned of the proceedings before the board, was inadequate—indeed, it was no notice at all. From the record of the township board such so-called notice was only given by posting up mere copies of the householder's petition—nothing more; whereas the law provides that said householders "shall cause a copy of their petition *and notice stating when said petition will be presented to the township board to be heard,* to be posted up in three or more of the most public places in the township, not less than twenty days before any action shall be had in reference to the petition." R. S. 1889, sec. 8548.

Neither does it appear from the records that any effort was made to agree with this plaintiff as to the damages she would sustain by establishing and opening the road over lands admittedly belonging to her, nor that her damages were assessed or paid, as required by section 8549. Besides these, other fatal objections appear in the alleged proceedings.

But it is estimated in defendant's brief that, at all

events, this road overseer will be protected by the face of the process coming to him from the township board, and *Perry v. Gill*, 36 Mo. App. 685 is relied on. That case will not protect this defendant. There the road overseer proceeded under the express order' or writ from the court having jurisdiction, directing him to open a certain established road. The order there was formal and complete, and we held that the officer was protected, notwithstanding the irregularities preceding its issue. But here no such order of the township board appears. The evidence fails to disclose any sufficient judgment or order directing the opening of the road in controversy. The case comes more directly under our decision in *Rousey v. Wood*, 47 Mo. App. 465.

It results, then, that the judgment must be affirmed. All concur.